MARTIN HENRY and another *vs.* HENRY A. BRUNS.

May 16, 1890.

**Failure to File Security for Costs—Objection, how to be Taken.—**
When a non-resident plaintiff has not filed security for costs, defendant may make the objection only by motion, not by answer.

**Failure to Serve Statement of Account Sued on—Remedy of Defendant.—**That a plaintiff has failed to serve, on demand, a copy of his account, is not matter for answer, but only of objection to evidence of the account when offered.

**Security for Costs—Filing nunc pro tunc.—**The court may allow a non-resident plaintiff to file security for costs *nunc pro tunc*, after the action is commence

Action brought in the district court for Clay county, to recover $99.56 and interest. After servive of the answer, (the substance of which is stated in the opinion,) the plaintiffs obtained an order to

show cause why they should not be allowed to file security for costs *nunc pro tunc*, and why they should not thereupon have judgment on the pleadings. After a hearing before *Mills*, J., it was ordered that plaintiffs have leave to file the security tendered by them, and that upon such filing they have judgment as prayed in the complaint unless the defendant serve an amended answer within 10 days after service of a copy of the order. From this order the defendant appealed.

*R. R. Briggs*, for appellant.

*Burnham & Tillotson*, for respondents.

GILFILLAN, C. J. The defendant, for answer to the complaint, alleged that plaintiffs are non-residents, and have not filed the security for costs required by statute; and that he demanded in writing a copy of plaintiffs' account, and they did not serve the same within the time required by statute. Neither of these is proper matter of answer. Neither goes to the jurisdiction of the court, or is a defence to the cause of action. For failure to file security for costs, the remedy is pointed out by Gen. St. 1878, c. 67, § 20. It is by motion for a stay of proceedings or for a dismissal. The remedy for failure to serve a copy of the plaintiffs' account is indicated by section 105, c. 66. It is by objection to proof of the account when offered at the trial. Where a non-resident plaintiff has omitted to file security for costs before commencing his action, the court may undoubtedly allow him to file it *nunc pro. tunc.* The answer being irrelevant, the plaintiffs were entitled to move for judgment as for want of an answer. Section 99, c. 66. The defendant complains that the leave to answer granted him by the order was limited to 10 days. As he had no right to answer again; and the leave given him to do so was matter of grace, he cannot be heard to complain.

Order affirmed.

NOTE. The cases of *Butts* v. *Moorhead Mfg. Co.*, *Wadham's Oil & Grease Co.* v. *Bruns*, and *Woolfolk* v. *Bruns*, presented the same questions, and were argued at the same time with the foregoing case, and by the same counsel, and with the same result.