W. J. POWERS and Another v. CHARLES S. BUNNELL and
Others.[1]

April 11, 1913.

Nos. 18,024—(126).

**Action by judgment creditor — pleading.**

   A general allegation, in a complaint in an action by a judgment creditor
of defendant, seeking to avoid the lien of prior judgments on land owned
by defendant, that such prior judgments were paid prior to a time stated,
is a sufficient allegation of payment as against a general demurrer, and
such complaint states a cause of action for the relief demanded, that such
prior judgments be declared paid and satisfied.

Action in the district court for Itasca county to obtain a decree
that certain judgments and assignments thereof, and certain execu-
tion sales, be declared void and for other relief. Defendant James
Sherry demurred to the complaint upon the ground that the facts
stated did not constitute a cause of action. The demurrer was heard
and overruled by Wright, J. From the order overruling the de-
murrer to the complaint, defendant Sherry appealed. Affirmed.

   *Van Derlip & Lum*, for appellant.
   *Thwing & Rossman*, for respondents.

BUNN, J.

This is an appeal by defendant James Sherry from an order
overruling his demurrer to the complaint. The allegations of the
pleading thus claimed not to constitute a cause of action are too long
and involved to be set out here, but in substance, as far as material
here, the case alleged is as follows:

James Sherry and Carrie Sherry are husband and wife. James
Sherry owned certain lands in Itasca county, and Carrie Sherry
owned other lands in Itasca, Koochiching, Benton, and Stearns coun-
ties. In 1901 a judgment was recovered against James Sherry and

[1] Reported in 140 N. W. 748.

Carrie Sherry, and in 1902 a second judgment against both was recovered. These judgments were assigned to defendant Bunnell, who caused an execution to be issued on the first judgment and levied on the lands of James Sherry in Itasca county. These lands were sold on the execution sale February 14, 1911, to Bunnell.

In 1904 plaintiffs recovered a judgment against James Sherry. It is alleged that Sherry has no property out of which this judgment can be satisfied, except the Itasca county lands sold on execution to Bunnell; that these lands are not of sufficient value to pay the amounts appearing to be due upon the Bunnell judgments, but that if the execution sale be set aside, and Bunnell be compelled to resort to the lands of Carrie Sherry, upon which his judgments are a lien, the lands of James Sherry will be of sufficient value to partially satisfy plaintiff's judgment and all prior liens.

To escape the priority in time of the Bunnell judgments, plaintiffs rely upon allegations that these judgments were void, that they were paid prior to the execution sale, and upon the doctrines of marshaling of assets and subrogation. If the complaint states a cause of action on any one of these grounds for any relief demanded, the demurrer was properly overruled. We think that the allegation that the two prior judgments were paid before the execution sale is a sufficient ground for the relief asked in the second prayer for relief; that is, that the liens of the Bunnell judgments be declared paid in full and satisfied.

It is argued that these allegations of payment are not allegations of facts, but of conclusions of law. We cannot so hold. A general allegation of payment, without specifying the time, place, amount, or other details, might be subject to a motion to make it more definite and certain, but is good as against a demurrer. Colter v. Greenhagen, 3 Minn. 74 (126); Crilly v. Ruyle, 87 Neb. 367, 127 N. W. 251; Goss v. Calkins, 164 Mass. 546, 42 N. E. 96. The contention that these allegations are mere conclusions of law, drawn by the pleader from preceding allegations of the complaint, we do not sustain. An allegation that an indebtedness was paid before a time stated is an allegation of an ultimate fact, and it matters not, as

against a demurrer, that it is possible to infer from other allegations that the pleader may have difficulty in proving payment in fact.

We prefer not to decide or discuss the other questions argued. Whether, in case plaintiffs fail to prove that the Bunnell judgments were paid, they can obtain the relief they seek on the ground either of marshaling of assets or of subrogation, are questions which may never arise, and, if they do, can better be determined from the evidence than from allegations of the complaint.

Order affirmed.