# ISADORE KULBERG v. SUPREME RULING OF THE FRATERNAL MYSTIC CIRCLE.[1]

July 17, 1914.

Nos. 18,756—(214).

**Mutual benefit certificate — amendment of answer — waiver of non-payment.**

In this case it is *held* that the answer does not admit the cause of action alleged in the complaint; that the benefit certificate issued to the insured should have been received in evidence; that the amendment proposed to the answer should have been allowed; and that the evidence made a question for the jury as to whether defendant had waived nonpayment of assessments by refusing to receive payment thereof when tendered by the insured.

Action in the district court for Ramsey county to recover $2,000 upon defendant's benefit certificate. The case was tried before Catlin, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,883.33 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed, unless plaintiff consent to a reduction of the verdict by the sum of $761.40.

*Spooner, Laybourn & Lucas* and *Loomis, Keller & Schwartz,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

TAYLOR, C.

Plaintiff brought this action against defendant, a fraternal beneficiary association, to recover the amount of a benefit certificate issued to Rabbi Osias Kulberg, and recovered a verdict. Defendant made the usual alternative motion for judgment notwithstanding the verdict or for a new trial, and appealed from the order denying such motion.

[1] Reported in 148 N. W. 299.

The complaint alleged that defendant, the Supreme Ruling of the Fraternal Mystic Circle, was a duly incorporated fraternal beneficiary association; that the American Guild was also a duly incorporated fraternal beneficiary association; that on February 19, 1906, for a valuable consideration, the said American Guild "issued and delivered its benefit certificate to Rabbi Osias Kulberg, by the terms of which, among others, it agreed to pay upon his death the sum of two thousand dollars to the plaintiff herein;" that on May 27, 1907, defendant entered into an agreement with the American Guild, whereby defendant re-insured said Kulberg and "promised and agreed to pay, upon the death of said Rabbi Osias Kulberg, the sum of two thousand dollars death benefit under said policy or certificate of insurance;" that Osias Kulberg died May 27, 1912; that plaintiff presented proofs of death and demanded payment under said contract; and that defendant denied any liability thereon and refused to pay any part thereof. The answer alleged that defendant was a fraternal beneficiary association; that it had a lodge system with ritualistic form of work; that its business was carried on for the mutual benefit of its members and their beneficiaries and not for profit; and that it made provision for the payment of death benefits in favor of its beneficial members "who maintain themselves in good standing and who comply with all laws, rules and regulations of the said society." The answer also admitted that the American Guild, a fraternal beneficiary association, on or about February 19, 1906, issued "its benefit certificate to one Rabbi Osias Kulberg;" and that defendant, on May 27, 1907, "entered into an agreement with the said The American Guild, by the terms of which it was provided and agreed that the members of the said The American Guild, then in good standing in said society, might be transferred and become members of the said defendant society, and thereafter such members in order to remain in good standing in said defendant society should comply with all the rules, regulations and by-laws of the said The American Guild and of the said The Supreme Ruling of the Fraternal Mystic Circle." The answer then alleged that the by-laws of both The American Guild and the defendant required every beneficial member, in order to maintain good standing, to

pay one assessment within each calendar month; that such by-laws further provided that failure of any member to pay such assessment within such calendar month rendered his certificate void and *ipso facto* terminated all rights thereunder; that in order to remain in good standing it was necessary, under the by-laws, for Osias Kulberg to pay one assessment on or before the last day of each month from May, 1907, down to the date of his death; and that said Kulberg never paid any assessment subsequent to March, 1908, but allowed his certificate to lapse and become of no effect. The answer also contained a general denial of each and every allegation contained in the complaint, "except as hereinbefore admitted." The reply admitted that "the rules and laws of the defendant required the payment of certain assessments by way of insurance premiums," and alleged that Osias Kulberg was ready, able and willing to pay all such assessments and that defendant "waived the payment of any other or further dues or assessments than those actually paid by him."

The rules relating to pleading were not followed very closely by either party, and each sought to take advantage of the defects in the pleading of the other. The complaint did not correctly or truly set forth the contract with the association. The benefit certificate provided that the constitution and laws of the association, the application for membership, the medical examination, and the benefit certificate, taken together, constituted the contract. The certificate also provided, in effect, that no liability should exist against the association, unless Osias Kulberg paid all assessments within the time and in the manner required by the laws of the association, and that the amount payable at his death should be the sum of $2,000 less the amount, if any, to be deducted for his unexpired life expectancy as provided in the by-laws.

Plaintiff alleged in effect that the benefit certificate was an absolute and unconditional promise to pay the sum of $2,000 at the death of Osias Kulberg. At the trial he offered the certificate in evidence. Defendant objected on the ground that the contract set forth therein was not the contract alleged in the complaint. Without waiting for a ruling by the court, plaintiff withdrew the offer. He then proved the death of the insured and that proofs thereof had been

furnished and rested. Defendant moved to dismiss. Plaintiff insisted that the answer admitted the contract alleged in the complaint, and that this admission together with proof of the death of Osias Kulberg established his cause of action. The court held with him and denied defendant's motion. This is assigned as error.

The answer cannot be construed as admitting the contract alleged in the complaint. It contained a general denial of everything not admitted. It set forth a contract different from that stated in the complaint. It admitted the issuance of a certificate, but did not admit that such certificate was the certificate alleged in the complaint, nor that it contained the terms alleged in the complaint. It did not admit the existence of any contract except that alleged in the answer. In the face of the general denial and of the allegations of the answer as to the terms of the contract, it cannot be held that the defendant admitted the issuance of a certificate having the force and effect alleged in the complaint. It follows that plaintiff had not established his cause of action when he rested. In view of admissions subsequently made, however, this ruling would not be cause for reversal in the absence of other errors. But the fact that the court assumed that plaintiff's cause of action had been admitted had an important bearing upon the subsequent proceedings. Defendant in attempting to prove its defense offered the benefit certificate in evidence. Assuming that the cause of action alleged in the complaint had been admitted, plaintiff objected to the reception of the certificate and the court excluded it as not tending to prove any matter in controversy. This ruling was error. Plaintiff's cause of action had not been admitted, and the certificate directly tended to prove the terms of the contract and that it was conditional as asserted in the answer.

Defendant sought to amend the answer by alleging that the contract provided that the amount payable thereunder should be determined by deducting the amount of the assessments for the unexpired life expectancy of Osias Kulberg from the maximum sum of $2,000 stated in the certificate. Defendant also sought to prove the length of such unexpired term of life expectancy and the amount of the assessments payable by the terms of the contract during such

126 M.—32.

unexpired term. Both the amendment and the proof were excluded, on the theory that the cause of action alleged in the complaint had been admitted. Acting on this theory the court held that plaintiff was entitled to recover the full amount alleged in the complaint, unless defendant proved a forfeiture of the contract for nonpayment of assessments; and the admission of such proof seems to have been based more upon the admission in the reply than upon the allegations in the answer. The provision for making the deduction for the unexpired life expectancy of the insured is contained in the certificate. This certificate was in plaintiff's possession and forms a part of the contract upon which his right of action is based. The amendment was offered before his cause of action had been established and while it was necessary for him to prove the contract in order to recover. He could not prove the contract without proving this provision, and it is not probable that the question of deducting the amount of these assessments came as a surprise. In the furtherance of justice the amendment should have been allowed. As a result of its exclusion the verdict is several hundred dollars more than the maximum amount payable by the terms of the contract.

Toward the close of the trial plaintiff admitted that the laws of the association required the payment of an assessment every month and provided that failure to pay such assessments within the month should render the contract void and of no effect. Defendant also made an admission which supplied the evidence lacking on the part of plaintiff. Defendant proved without contradiction that Osias Kulberg had paid no assessments whatever during the four years preceding his death. For the purpose of showing that defendant had waived the making of such payments, plaintiff sought to prove that Osias Kulberg had tendered the assessments for April and May, 1908, and that defendant had refused to accept them. Defendant's objection that such proof was inadmissible under the pleadings was waived by admissions made at the trial. Defendant seems to have claimed that members of the local lodge were older than stated in their applications, and to have demanded from Kulberg and others an official certificate showing the date of birth. They were unable to furnish such certificates. Apparently, for that reason, the members

of the local lodge, at a meeting held in May 1908, voted to dissolve the lodge. Thereafter both officers and members treated the lodge as dissolved and no further business was transacted. The assessments for April and May, 1908, became due before the lodge dissolved and were payable to the collector of the local lodge. Plaintiff contends that Osias Kulberg tendered these assessments to the collector, Morris Schwartz, before the lodge dissolved, and that Schwartz refused to receive them, for the reason that Kulberg had failed to furnish a certificate showing the date of birth. Defendant contends that these assessments were never tendered, and, if they were, that such tender was after the dissolution and was refused by Schwartz, for the reason that he had ceased to be collector and had no authority to receive assessments at the time they were offered. The evidence upon this issue was sufficient to make a question for the jury and defendant is not entitled to judgment notwithstanding the verdict. But the refusal to allow the deduction for the unexpired life expectancy of the insured, which the contract provided for, caused substantial prejudice to defendant. Defendant offered to prove that the amount which it was entitled to have deducted under this provision was the sum of $761.40. It does not appear that the correctness of this amount was questioned, and, if there be no controversy concerning it, the parties need not be burdened with the trouble and expense of another trial. If within 10 days after the filing of the remittitur in the district court, plaintiff shall file therein a written consent that the verdict be reduced by deducting the sum of $761.40 from the amount thereof, the order denying a new trial is affirmed. In case plaintiff shall fail to file such consent within such time the order denying a new trial is reversed and a new trial granted.