## E. E. EDER v. IDA M. NELSON.[1]

### October 20, 1916.

### Nos. 20,078—(52).

**Vacating judgment — discretion of court.**

> Opening a judgment and permitting defendant to interpose an amended answer presenting a defense which had been abandoned at the trial *held* not an abuse of discretion in view of the ·facts disclosed by the record.

Action in the district court for Hennepin county to recover $3,500 for breach of contract: The case was tried before Jelley, J., who made findings and ordered judgment in favor of plaintiff for specific performance of the contract. Defendant's motion to vacate the judgment and permit her to interpose an amended answer was granted. From the order granting the motion, plaintiff appealed. Affirmed.

*E. E. Eder, pro se.*

*George B. Leonard* and *M. Rose,* for respondent.

TAYLOR, C.

For the consideration of $10 defendant gave plaintiff an option to exchange 35 shares of the capital stock of the Sanitary Vacuum Street Cleaner Company for three lots in the outskirts of the city of Minneapolis owned by defendant. Within the time limited plaintiff tendered the stock and demanded a conveyance of the lots. Defendant refused to convey them. Plaintiff forthwith brought suit to enforce specific performance of the contract. Defendant answered to the ef-

[1] Reported in 159 N. W. 626.

fect that plaintiff did not own the stock tendered and was unable to convey title thereto. Subsequently defendant amended her answer, by adding thereto allegations to the effect that she had been induced to make the option contract by fraudulent misrepresentations concerning the value of the stock which she was to receive. The cause was tried before the court without a jury and while defendant was testifying as a witness the following took place: "Q. Have you investigated, Miss Nelson, to determine what condition this Vacuum Cleaner Company was at the time you made Exhibit A (the option contract)—whether they were financially good or solvent? A. I didn't at that time, but he came right back and said he would make the trade. I told him I wouldn't trade until I found out from the company it was all right and I called up the company." "Q. Did you tell Mr. Eder when he came to you and wanted to give you this stock the reason why you wouldn't take it? A. Yes, Sir. Q. What did you tell him? A. I called up the company and they said he wasn't the owner of that stock, and if I would trade for it, I would be trading for a lawsuit; then I got scared and investigated the financial condition of the company * * * I saw the books. * * * Mr. Jerome (plaintiff's attorney) : I ask that the amended answer be stricken out and that they be confined to the original defense. Mr. McDonald (defendant's attorney) : Well, then, I will stand on the original answer in this case. The Court: Very well, then your only defense is the ownership of the stock?" Thereafter the court rendered judgment in favor of plaintiff. A week later defendant, through other counsel, made an application to vacate the judgment, and for permission to interpose an amended answer setting forth the same charge of fraud abandoned at the trial in the manner shown by the above excerpt from the record. This application was granted and plaintiff appealed from the order granting it. The only question for decision is whether the granting of this application was an abuse of discretion on the part of the trial court.

While defendant's testimony at the trial, as contained in the record, shows that she made her investigation concerning the value of the stock at or subsequent to the time that plaintiff demanded a conveyance of the land pursuant to his option, and in an affidavit in support of the present application she testifies that such was in truth the fact, the attorney who abandoned the defense of fraud states in an affidavit, in substance, that

he waived the issue of fraud in the belief that her testimony was to the effect that she had made such investigation before executing the option. It also appears that the stock had little, if any, value; that plaintiff was a director and legal adviser of the company; and that he was the attorney of defendant in other matters at the time he procured the option in controversy, and consequently was required to show that he had taken no advantage of his knowledge or position but had exercised perfect fairness and good faith in his dealings with his client. The judge who heard the application had tried the case and was familiar with all the facts and circumstances. He determined that defendant was entitled to the relief sought, and we are clearly of opinion that there was no abuse of the judicial discretion reposed in him.

Order affirmed.