# STANISLAUS JAMBOR v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 12, 1924.

No. 24,158.

**Negligence of fellow servant sustained by evidence.**
A tool slipped off a moving section car and derailed it, resulting in the death of a member of the crew. A little attention on the part of a fellow servant of deceased would have kept the tool in place and prevented the accident. These facts sustain the jury's conclusion of negligence.

Action in the district court for Wright county, by the administrator of the estate of Joseph Wiench, deceased, to recover $25,000 for the death of his intestate. The case was tried before Johnson, J., and a jury which returned a verdict for $8,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*A. L. Janes* and *Hoke, Krause & Faegre*, for appellant.
*Samuel A. Anderson*, for respondent.

STONE, J.
Appeal from an order denying defendant's motion for judgment notwithstanding the verdict or a new trial. The action is under the Federal Employers Liability Act, and its purpose to recover damages for the death of Joseph Wiench, who, while the foreman of a section crew employed by defendant in interstate commerce, came to his death by reason of the derailment of a motorized section car.

At the time of the accident the deceased and the other members of his crew, Libor and Klick, were on their car traveling over defendant's line between Delano and Montrose in Wright county. The car was of the usual type, the motor being inclosed by a boxlike covering over the middle of the car from front to rear. The box was

[1]Reported in 201 N. W. 321.

wide and high enough to furnish a convenient seat for the 3 men on the car at the time of the accident. The platform extended something like 8 inches beyond the sides of the box. There were cleats, approximately 2 inches square, bolted at the outside edges of the platform on the front, sides and rear, except that the one for the front end at the right of the motor cover was missing.

The car was proceeding from Montrose to Delano, and when it was derailed possibly was being driven too fast, well over 15 miles an hour perhaps, in order to get to a cross-road where it could be set off out of the way of a passenger train coming not far behind. Libor and the deceased were sitting on the box facing to the left, Libor being in control of the engine and Wiench himself having no particular care at the time except to look out for trains. He was the section boss and in complete charge of the crew and car. Klick sat alone on the right side of the car facing in that direction. Under his feet in the tray-like receptacle formed by the platform as a bottom and the box and cleats already mentioned as sides and one end, were an adz, a track guage, and a clawbar. They were under Klick's feet. It was on this side that the cleat was missing from the front of the car body or platform. Apparently on account of the vibration, the clawbar worked forward far enough so that it tipped over the front end, was thrown under the car and derailed it, Wiench being fatally injured.

The one issue for our consideration is that of the alleged negligence of Klick, a fellow servant of the deceased. Unless Klick owed a duty to the deceased to take care that the tools under his feet did not fall off as the clawbar did fall off, a violation of which resulted in the accident, the verdict cannot stand. There is neither proof nor claim of negligence except in that one particular.

The argument for defendant is that there is no proof that Klick owed to the deceased the duty in question. It is true that there was no express order or rule promulgated by defendant requiring a section man or other employe in Klick's position to take care that tools were not shaken from the car or lost. There, however, the argument stops, and it does not always follow from the absence

of rule or command from the master or superior servant, requiring care for the safety of others, that such a duty is absent.

The law requiring due care for the protection of others at the time being entitled to such consideration, does not ordinarily make the duty it imposes dependent upon what one has been ordered to do by his employer or any one else. It is the reasonable demand of controlling circumstances that must be considered not only in this case but in many others where there is no fixed standard by which to be governed.

If Klick had been holding the clawbar and had dropped it so as to cause the derailment and resulting death, negligence would have been so clear probably that the courts would not have been called upon to decide the case, for certainly it is the duty of every railroad employe, no matter how engaged, to exercise due care to prevent derailments. If the clawbar had dropped off the rear of the section car, and had derailed the oncoming passenger train with injury to its engineer, proof of negligence of the section crew as the agency of causation would have been easy.

The case is similar in principle, if somewhat unlike in facts, the one just supposed. There is no question about Klick's duty to exercise due care for the protection of his fellow servants. The tools were under his feet. Their being shaken off over the uncleated front end of the receptacle, in which they lay was something which a jury might well say could have been foreseen and guarded against. A little attention from Klick would have prevented the accident. Certainly it is not for us to say that the judgment of the jury that there was negligence proximately causing the fatality should be disturbed.

We have here a question to be disposed of "upon a conceded state of facts." Abbett v. C. M. & St. P. Ry. Co. 30 Minn. 482, 16 N. W. 266. In its solution, reasonable minds, disposed and functioning judicially, may arrive at different conclusions, if in fact they might not for the most part lean towards the conclusion of negligence. At least there is substantial and reasonable basis for that opinion. The case is similar in principle to if not controlled by

Neitge v. St. P. M. & O. Ry. Co. 103 Minn. 75, 114 N. W. 467, where a railroad employe, having no specially imposed or customary duty with respect to switch points, was held guilty of negligence for failing to observe an obstruction which held them apart and caused a derailment. The violated duty was simply that of ordinary care to prevent injury to others. Any other and more restricted view would be sadly out of keeping with the "safety first" program which humanity has found it necessary to adopt as a measure of protection from its own carelessness.

Order affirmed.