## E. S. ERICKSON v. ANDREW E. BJERTNESS.[1]

May 21, 1926.

No. 25,268.

**Where defense of payment other than by money is set up, answer should allege method of payment.**

1. In an action on a lease to recover stipulated rent a defense, resting upon a supplementary contract between the parties in which it is agreed that services are to be performed in lieu of the cash rent specified in the lease, should be pleaded in the answer so that plaintiff will be advised as to such defense and so that definite issues will be framed.

**Refusal to permit amendment of answer was abuse of discretion.**

2. Upon the facts stated in the opinion it is *held* that there was an abuse of discretion in refusing to permit defendant to amend his answer.

Appeal and Error, 4 C. J. p. 800 n. 54.
Evidence, 23 C. J. p. 105 n. 2 New.

[1]Reported in 209 N. W. 32.

Landlord and Tenant, 36 C. J. p. 424 n. 87 New; p. 426 n. 24; p. 428 n. 40; p. 430 n. 57.
Pleading, 31 Cyc. p. 368 n. 9.

See note in 18 L. R. A. (N. S.) 263; 21 R. C. L. p. 590; 3 R. C. L. Supp. p. 1174; 4 R. C. L. Supp. p. 1422; 5 R. C. L. Supp. p. 1165.

Action in the district court for Houston county. The court, Finkelnburg, J., directed a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Reversed.

*O. K. Dahle* and *George W. Bunge*, for appellant.

*A. E. Sheridan* and *W. A. Deters*, for respondent.

WILSON, C. J.

Action to recover $1,225, balance unpaid on rent of farm. The answer admitted the cause of action and alleged "that all obligations created and arising by virtue" thereof "were and are fully performed and satisfied." A verdict was directed in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial.

Elling Anderson owned and lived on a farm. He died leaving a widow, Annie Anderson, a daughter, Engel Gilbertson, and a son, the defendant Andrew Bjertness. O. E. Hallen became the guardian of the widow. Upon her death plaintiff became administrator of her estate and as such prosecuted this action.

Upon the trial of the case the question arose whether the allegation of the answer was sufficient to plead payment. This however was not important because defendant did not claim that a money payment had been made. Defendant sought to prove under this allegation a supplementary and independent agreement between the guardian and defendant wherein the defendant had agreed to support and care for his mother the remainder of her life in lieu of the rental stipulated in the lease and that he had in fact carried out that arrangement covering all the years involved in the complaint. Proof of this defense was excluded and we think properly so. When payment is not made in money we think the pleader should disclose

the method of payment and when a supplementary contract is made which materially changes the terms of the lease a defense thereunder should be pleaded so that plaintiff has an opportunity to reply thereto and so that definite issues will be framed. Plaintiff is entitled to be advised by his adversary who is resting upon such a defense. 16 Enc. Pl. & Pr. 193. We think this view supported by our decisions. First Nat. Bank v. Strait, 71 Minn. 69, 73 N. W. 645; Powers v. Bunnell, 121 Minn. 152, 140 N. W. 748.

The trial commenced in the forenoon of June 18, 1925, and during the most of the afternoon of that day defendant's counsel apparently experienced difficulties with his pleading. He was slow to appreciate his situation. Late in the afternoon he asked for a short recess which was granted and soon thereafter the court adjourned until the following day when defendant's counsel, after making further futile efforts to prove what he claimed as a defense, and having made an offer of proof covering the facts as hereinbefore stated, made a motion for permission to amend his answer in order to allege the making of the supplementary agreement between defendant and the guardian and its performance. Plaintiff objected to the amendment and the court denied the application. This is assigned as error. Defendant, being unable for lack of a proper pleading to prove his alleged defense, suffered a directed verdict against him. Defendant's counsel was dilatory in making the application and liberality in allowing amendments to pleadings decreases as the trial progresses. Todd v. Bettingen, 102 Minn. 260, 113 N. W. 906, 18 L. R. A. (N. S.) 263. However in this case plaintiff, whose cause of action was admitted, was not required to offer any evidence in rebuttal. He had not suffered from the progress of the trial.

The amendment of a pleading is a matter lying almost entirely in the discretion of the trial court. Its power in reference to such application is great. Dun. Dig. § 7696. The court will exercise its discretion in reference to the facts in a particular case and in the furtherance of justice. It is always a delicate matter for a trial court to exercise such discretion when its refusal to permit a party litigant to amend his pleading may mean a loss of an alleged cause

of action.  Minneapolis Elec. L. Co. v. Federal H. Co. 161 Minn. 197, 198, 148 N. W. 47.  Such discretion must be exercised liberally to permit a party litigant to have a trial upon the merits of his cause of action or defense.  Rees v. Storms, 101 Minn. 381, 112 N. W. 419; Kulberg v. Supreme R. F. M. C. 126 Minn. 494, 148 N. W. 299; Anderson v. M. St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45; Sargent v. Bryan, 160 Minn. 200, 199 N. W. 737.  The record presents a very close question as to whether there was an abuse of discretion in the refusal to permit the amendment to the answer.  It is doubtful if any surprise was involved.  But if so, or if any inconvenience was to have resulted to plaintiff, the court could have imposed terms.  The doubt in such case should be resolved in favor of such amendment and we conclude that there was an abuse of discretion.

We are strengthened in this conclusion by a part of the memorandum of the trial court and a statement in respondent's brief, both of which tend to indicate a misconception on the part of the trial court as to the facts.  These things are improperly in the record.  The trial court said that it appeared from the court calendar that the case was continued over the December, 1924, term to permit defendant to amend his answer and that defendant did not avail himself of that privilege.  The court calendar of December, 1924, is not in the record.  We take judicial notice of the fact that the trial court did not preside at the December, 1924, term.  We assume that his statement is gained from a reading of a memorandum on the calendar.  Possibly it did not disclose what the amendment was to be.  One of respondent's counsel however in the brief makes a statement to the effect that he, though then not of counsel in this case, was present in court at the December, 1924, term and heard the discussion there between the attorneys in this case and the court in reference to continuance and amending the answer, but states in substance that the issue to be made by the proposed amendment related to certain deeds and lack of interest on the part of plaintiff to prosecute the action.  Obviously the adjournment was not had for the purpose of permitting defendant to make the same amend-

ment sought to be made in the trial of the case. Of course the statement of counsel for respondent should never have been made in the brief as it is not supported by the record, but this statement and the reference of the trial court to the court calendar indicate that the trial court may not have had a clear conception of the facts when he denied the motion for a new trial and that perchance he may have been influenced by the thought that if defendant's counsel was given a continuance from the December, 1924, term for the purpose of making this same amendment he had neglected to act with ordinary diligence. It also shows that the court considered matters outside the record. Under such circumstances the very important fact that the refusal of the trial court to permit the amendment may result in a party defendant having a complete loss of a possibly meritorious defense, due largely to the conduct of his counsel. We have reached our conclusion in the belief that in the interests of justice there should be a new trial and that defendant be permitted to serve and file an amended answer.

Reversed.