ROY STEBBINS v. FRIEND, CROSBY & COMPANY.
FRANK KROM v. SAME DEFENDANT.[1]

December 6, 1929.

Nos. 27,416, 27,417.

[1]Reported in 228 N. W. 150.

550

*E. E. Eder,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondents.

HILTON, J.

Appeal by defendant from orders setting aside judgments in two cases. There is only one question of law involved, which is common to both. The appeals were consolidated in this court.

G. S. 1923 (2 Mason, 1927) § 9283, confers power on the district court, at any time within one year after notice thereof, in its discretion, to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. This statute appears as early as 1858 in Comp. St. p. 544, § 94. This provision applies to all judgments and not simply to default judgments or judgments that are erroneous. Crosby v. Farmer, 39 Minn. 305, 40 N. W. 71; County of Itasca v. Ralph, 144 Minn. 446, 175 N. W. 899. It is applicable to a case such as this where plaintiffs are the ones against whom the judgments were rendered. The purpose of this statute is to further justice, and it should be liberally construed to enable the court to determine the rights of the parties upon the merits. This is especially true in a case where a refusal to vacate a judgment would deny plaintiff his cause of action. Macknick v. Switchmen's Union, 131 Minn. 246, 154 N. W. 1099; Eder v. Nelson, 134 Minn. 307, 159 N. W. 626; Troska v. Brecht, 140 Minn. 233, 167 N. W. 1042; Zell v. Friend-Crosby & Co. 160 Minn.

181, 199 N. W. 928; LaPlante v. Knutson, 174 Minn. 344, 219 N. W. 184; MacLean v. Reynolds, 175 Minn. 112, 220 N. W. 435; 3 Dunnell, Minn. Dig. (2 ed.) § 5009, et seq.

In Merritt v. Putnam, 7 Minn. 399, 400 (493), Flandrau, J. speaking for the court, said:

"The defendant asks a favor, not a right; the judge grants or refuses the application as under all the circumstances he may think will best subserve the ends of justice, and at the same time not encourage disorderly and improper practices in the administration of the law. This discretion is, of course, a legal and not an arbitrary one, but will not be interfered with in its exercise, except in cases of palpable abuse."

This position has been consistently adhered to as indicated by the cases last above cited.

There was no error here in permitting plaintiffs to interpose amended complaints. This was a matter lying almost wholly within the discretion of the trial court and cannot here be reversed except for a clear abuse of discretion. There was none such here. 5 Dunnell, Minn. Dig. (2 ed.) § 7696, and cases there cited; Erickson v. Bjertness, 167 Minn. 323, 209 N. W. 32.

Plaintiffs were nonresidents of the state of Minnesota and at the commencement of these actions did not give the bond required by statute. The court permitted the giving of such bond nunc pro tunc, and this is assigned as error. There is no merit to the claim. Henry v. Bruns, 43 Minn. 295, 45 N. W. 444.

We do not deem it necessary to detail the facts and circumstances in these cases. The litigants, their counsel, or the profession at large would not be benefited thereby. From a careful examination of all the points raised by defendant, we find no ground for disturbing the action taken by the trial court.

Affirmed.