In the Matter of the ESTATE of Peter GOLLNER, Decedent.

Paul GOLLNER, Appellant,

v.

Louise CHAMPAGNE, Respondent.

No. 46765.

Supreme Court of Minnesota.

Nov. 18, 1977.

Bruce C. Douglas, Volunteer Attorney, Minnesota Civil Liberties Union, and Paul Gollner, pro se, Minneapolis, for appellant.

Frazee & Lundberg and Orvel Lundberg, Bird Island, for respondent.

Heard before PETERSON, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

YETKA, Justice.

Appeal from an order of the Renville County District Court affirming an order of the Renville County Court, Probate Division, determining that Dorothy Human was the illegitimate daughter of Peter Gollner, Sr., but was not his heir at law. We reverse and remand for a new hearing.

On January 2, 1958, Peter Gollner, Sr., died. On February 14, 1958, his son Paul Gollner was appointed administrator of his estate. The estate has never been closed. Catherine Gollner, wife of Peter Gollner, Sr., died in 1974. In April 1975, appellant, Paul Gollner, petitioned the Renville County County Court, Probate Division, to deter-

mine that Dorothy M. Human was an heir at law of Peter Gollner, Sr. Mrs. Human was not listed as an heir in the original petition for administration. The petition for heirship was objected to by Louise Champagne, an heir of Peter Gollner, Sr., and Glen Johnson, guardian of two other heirs.

At the hearing on May 13, 1975, appellant presented a letter written in 1938 by Peter Gollner, Sr., to Paul Gollner. The letter recounted, among other things, that Peter Gollner and "Aunte Mary" had a little girl named Dorothy. It described an 11-week trip by Peter Gollner to Chicago to visit Dorothy Human and his subsequent reconciliation with his wife, after 25 years of family strife. The letter was signed "your Pa." After the signature there appeared several additional lines signed "with love Mother." At the hearing "your Pa" was identified as the signature of Peter Gollner, Sr.; while "with love Mother" was identified as the signature of Catherine Gollner. Both identifications were corroborated by Louise Champagne.

Dorothy Human's mother was Marie or Mary Walters, sister of Catherine Gollner. Matthew Human, husband of Dorothy Human, testified that Peter Gollner, Sr., visited the Humans in 1937 and informed Matthew that he was Dorothy's father. Louise Champagne denied ever being told that Dorothy Human was her sister, but most of the other Gollner children recognize Dorothy Human as their half-sister and wish to have her share in their father's estate according to what they perceive his wishes to have been.

The county court found the following: (1) The letter from Peter Gollner, Sr., written in 1938 to his son was an acknowledgment that Peter Gollner, Sr., was the father of Dorothy Human; (2) the letter was signed by Peter Gollner; (3) the letter was signed by Catherine Gollner, a competent witness; but (4) "There is no evidence that Mrs. Peter Gollner was an attesting witness as required by M.S.A. 525.172."

In August 1975, appellant moved to reopen the hearing to take additional testimo-

ny. In an affidavit in support of the motion, Margaret G. Brown, sister of appellant and an heir of Peter Gollner, Sr., stated that she witnessed the writing of the letter by Peter Gollner, Sr., and that Peter Gollner, Sr., asked Catherine Gollner to read the letter, add anything she wanted, and sign her name. At the original probate hearing, her name was called by appellant's attorney, but she inexplicably did not testify. The affidavit does not explain why she did not testify other than to say it was a misunderstanding. The motion to reopen the hearing was denied on August 29, 1975. The district court affirmed the county court's order.

The issues raised by this appeal are:

(1) Did the county court abuse its discretion in refusing to reopen the hearing to receive evidence which, if true, would have supplied the proof necessary for petitioner's case?

(2) Does Minn.St. 525.172 violate the Equal Protection Clause of the United States Constitution in that it discriminates improperly against illegitimate children of male intestate decedents?

It is not clear from the record whether the attorney general was properly notified that the constitutionality of the statute would be raised by appellant; at oral argument counsel informed the court that the attorney general had been notified by letter. In any event, the question was not properly litigated in county court and was brought up for the first time before the district court. We therefore do not pass on the constitutionality of the statute because we do not believe the question was fully litigated or considered by the trial court, and because the determination of that issue is not necessary for disposition of this case at this time.

Appellant contends alternatively that the finding of the trial court that Catherine Gollner was not an attesting witness is clearly erroneous or that this court should find that there was substantial compliance with the statute. Respondent contends that the court's finding was supported by the evidence and that any change in interpretation of the statute is for the legislature. Minn.St. 525.172 provides:

"An illegitimate child shall inherit from his mother the same as if born in lawful wedlock, and also from the person who in writing and before a competent attesting witness shall have declared himself to be his father, provided such writing or an authenticated copy thereof shall be produced in the proceeding in which it is asserted or from the person who has been determined to be the father of such child in a paternity proceeding before a court of competent jurisdiction; but such child shall not inherit from the kindred of the father by right of representation." [1]

This court has interpreted the requirement of attestation to be a separate and distinct requirement. *Williams v. Reid*, 130 Minn. 256, 153 N.W. 324, 593 (1915); *Reilly v. Shapiro*, 196 Minn. 376, 265 N.W. 284 (1936); *In re Estate of Karger*, 253 Minn. 542, 93 N.W.2d 137 (1958). We have defined attesting witness as follows:

"* * * The words 'attesting witness,' as used in this statute [§ 525.172] mean a competent witness who was present at the signing and who, at the request of the declarant, subscribed the writing as such witness." *In re Estate of Karger*, 253 Minn. 542, 544, 93 N.W.2d 137, 140.

The county court found that Peter Gollner had declared Dorothy Human to be his daughter, that Catherine Gollner was a competent witness, and that the declaration was made before her. There is support in the evidence for these findings and respondent does not appear to contest them in this appeal, although they were contested on appeal to the district court. The district court affirmed the county court findings in their entirety.

1. The requirement of an "attesting" witness was added in 1905. *Williams v. Reid*, 130 Minn. 256, 153 N.W. 324, 593 (1915).

There was no direct testimony at the hearing to support a finding that Catherine Gollner signed her postscript at the request of Peter Gollner or for the purpose of being a witness. There is no direct evidence that the letter was signed by Peter Gollner in the presence of Catherine Gollner. The only evidence in the transcript which bears on the issue is that the signature and postscript of Catherine Gollner were on the same paper, the last page of the Peter Gollner letter.

Appellant moved the county court to reopen the hearing for the purpose of taking additional testimony and supplied an affidavit of Margaret Brown in support of the motion. The motion was opposed by respondent on the ground that there was no mistake, inadvertence, surprise, or excusable neglect, but that the failure to call Margaret Brown at the hearing was the tactical choice of an experienced trial attorney.[2] After a hearing, the court denied the motion; no memorandum accompanied the denial order.

▮▮▮▮ The refusal of the trial court to reopen a hearing under Rule 60.02, Rules of Civil Procedure for Municipal Courts,[3] should not be set aside absent a clear abuse of discretion. *Stebbins v. Friend, Crosby & Co.*, 178 Minn. 549, 228 N.W. 150 (1929); cf. *Butkovich v. O'Leary*, 303 Minn. 535, 225 N.W.2d 847 (1975). Under the peculiar facts of this case we find such an abuse of discretion.

The affidavit of Margaret Brown which accompanied the motion to reopen, if uncontradicted, shows testimony which would prove that Catherine Gollner signed the letter in the presence of Peter Gollner, Sr., at his request, and that the purpose of the letter was "to ask the boys to come home and to have them consider Dorothy Human as one of the family." It would also be sufficient to prove that Catherine Gollner was present at the signing of the letter. See, *In re Estate of Liberopulos*, 245 Minn.

553, 562, 73 N.W.2d 607, 612 (1955), which holds that an attestation requirement may be met by acknowledgment of a *testator's* signature; accord, *In re Estate of Murphy*, 269 Minn. 393, 402, 131 N.W.2d 220, 226 (1964).

We are setting forth the text of the affidavit of Margaret Brown in full.

"Margaret G. Brown, being first duly sworn on oath, deposes and states:

"That she is the daughter of the decedent, Peter Gollner; that she was present in 1938 when Peter Gollner wrote the letter which was received by the Court as Proponent's Exhibit 1; that she will testify that Peter Gollner requested Mrs. Peter Gollner to read the letter which told his son, Paul Gollner, that Dorothy Human was his daughter and that Mrs. Peter Gollner should sign her name and add anything to the letter if she so desired; that she witnessed her mother reading the letter, signing her name and adding the note that now appears as Proponent's Exhibit 1.

"That she heard her father, Peter Gollner, state to Mrs. Peter Gollner that the purpose of the letter was to ask the boys to come home and to have them consider Dorothy Human as one of the family.

"That she told her attorney, T. J. Wagemaker, that she would testify to these facts, and she understood that she would be called to testify at the time of the hearing on May 13, 1975; that T. J. Wagemaker did call her name to testify but, for some reason unknown to her, he did not use her testimony.

"Further Affiant Sayeth Not, except that the purpose of this affidavit is to state the facts as she witnessed in order to reopen the hearing for this further testimony.

"Dated this 1st day of August, 1975.
/s/ MARGARET G. BROWN
Margaret G. Brown"

---

2. The attorney who represented appellant on this motion and appeal to district court was not the same as the attorney representing him in county court or on this appeal.

3. Applicable to county court proceedings. See, Minn.St. 487.23.

The record indicates that appellant's attorney in county court intended to call Margaret Brown when an interruption occurred in the hearing. Because of the other findings of the county court and the underlying constitutional issue, we do not believe appellant should be penalized by the unexplained failure of his attorney to present his case. Although no memorandum accompanied the trial court's order denying the motion, the court must have believed that even with that testimony Catherine Gollner would not have been proved an attesting witness. We cannot agree with that conclusion.

■ Rule 52.01, Rules of Civil Procedure for Municipal Courts, provides in part:

"Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

This is the usual standard of review in the type of case before us. *In re Estate of Balafas*, 293 Minn. 94, 96, 198 N.W.2d 260, 261 (1972). If the evidence represented by Margaret Brown's affidavit had been on the record in the form of testimony, that evidence would, in our opinion, be sufficient to prove that Catherine Gollner signed as an attesting witness. Even without that testimony, there is some support for a finding that Catherine Gollner was an attesting witness; the inference that such a personal letter was signed with full knowledge of its contents and at the request of its author was *permissible*. However, as the testimony stands, that inference is not mandatory.

Our decision in this case is dependent upon its unusual circumstances. This is not a case of one claimant to an estate opposed to the desires of the rest of a family; most of the family members wish formal recognition of their half-sister. Although we do not suggest that, ordinarily, the case of attorney failure to present available evidence will entitle a claimant to reopen a trial, we find an abuse of discretion in this case because of the following special circumstances: (1) The county court found that Dorothy Human was, in fact, the illegitimate daughter of Peter Gollner; (2) the affidavit presented evidence which would obviously correct a technical defect in the proof; and (3) serious constitutional questions have been raised concerning the attestation requirement of Minn.St. 525.172.

We therefore reverse the district court with instructions that it remand the matter to the County Court of Renville County for the purpose of taking the testimony of Margaret G. Brown. If that testimony substantially verifies the statements made in her affidavit, the statutory requirements will be met. If her testimony proves insufficient to show required attestation under the statute, appellant should make a proper record in the trial court on the question of the constitutionality of the statute, giving the required notice to the attorney general. Only after these requirements are met can this court adequately rule on the question of the constitutionality of the statute.

Reversed and remanded.