Alvin AYERS, Appellant,

v.

RUDOLPH'S, INC., Respondent,

Columbian Steel Tank Division, a Division of Trico Industries, Inc., Respondent.

No. CX–86–360.

Court of Appeals of Minnesota.

Aug. 26, 1986.

Maclay R. Hyde, Mark P. Hodkinson, Bassford, Hecht, Lockhart & Mullin, P.A., Minneapolis, for appellant.

Steven R. Schwegman, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondent, Rudolph's, Inc.

George W. Flynn, Scott P. Drawe, Faegre & Benson, Minneapolis, for Columbian Steel Tank Div., a Div. of Trico Industries, Inc., respondent.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and RANDALL, JJ.

## OPINION

LESLIE, Judge.

Appellant Alvin Ayers brought suit against respondent Rudolph's, Inc. alleging negligence and breach of express and implied warranties arising out of Rudolph's sale and installation of three grain storage bins. Appellant amended his complaint to include respondent Columbian Steel Tank Division, the manufacturer of the bins. The trial court granted respondents' motions for summary judgment and ordered entry of judgment dismissing appellant's action with prejudice. Appellant, represented by new counsel, moved the court to vacate the judgment. The trial court denied appellant's motion. We affirm.

## FACTS

On August 17, 1978, appellant Alvin Ayers purchased three grain storage bins from respondent Rudolph's, Inc. Respondent Columbian Steel Tank Division manufactured the bins which Rudolph's installed on appellant's property in the fall of 1978. Columbian issued a one-year, limited warranty on the bins.

In the summer of 1979, problems developed with the auger door boards on the bins, and representatives of both respondents inspected the bins. In June 1979, Columbian shipped new auger door boards which Rudolph's subsequently installed. Appellant received a letter from DaKON, the distributor of the bins, which stated that "Columbian and DaKON will stand behind these bins 100%."

Further problems developed with the bins. In 1980, Rudolph's replaced the spreaders at the top of each bin. In 1981 and 1982, Rudolph's performed repairs on the bins by removing tar along the foundation and caulking areas around the bottom of the bins. Rudolph's replaced the door frame on one bin and repaired and resealed an access door on another bin. In September 1984, appellant discovered cracks above the door frames in all of the bins and notified Rudolph's of the problem. Rudolph's offered to make repairs but appellant refused to allow Rudolph's to perform any further work on the bins.

On November 7, 1984, appellant commenced this action against Rudolph's alleging negligence and breach of express and implied warranties and claiming damages in excess of $100,000. In early 1985, appellant amended his complaint to include Columbian. Respondents moved for summary judgment on grounds that *Superwood Corp. v. Siempelkamp Corp.*, 311 N.W.2d 159 (Minn.1981), and its progeny barred appellant's claims. Respondents argued that because appellant's action sought only recovery of economic loss, it was barred by the four-year statute of limitations applicable to commercial transactions, Minn.Stat. § 336.2–725 (1984). Appellant's counsel submitted a memorandum arguing the U.C.C. four-year statute of limitations did not apply to appellant's claim for negligent installation of the bins because the contract involved a combination of goods and services. Appellant's counsel did not submit any affidavits with the memorandum. Judgment was entered on December 3, 1985, granting respondent's motions and dismissing appellant's action with prejudice.

After appellant's counsel advised appellant of the poor chance of prevailing on appeal, he retained the present counsel to review the case. Appellant subsequently moved the court to vacate the December 3 judgment on grounds that the prior counsel's response to respondents' summary judgment motions constituted "excusable neglect" within the meaning of Minn.R. Civ.P. 60.02 (1).

Appellant submitted an affidavit in support of his motion stating that from 1978 through 1984 respondents continually promised to repair or replace any defective conditions in the bins, and that appellant relied on these representations until it became obvious that respondents could not fix the defects. Appellant also asserted that since he began using the bins in 1978,

they have continually leaked and spoiled the corn stored in the three bins, resulting in damages of approximately $4,000 to $6,000. In addition, appellant stated that the value of his entire grain storage system has been diminished and that he will continue to suffer these damages in the future.

By order dated March 3, 1986, the trial court denied appellant's motion to vacate the judgment, finding no excusable neglect within the meaning of Rule 60.02.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion to vacate the December 3 judgment?

## ANALYSIS

■ Minn.R.Civ.P. 60.02 (1) provides that a court may relieve a party from a final judgment and grant a new trial based on mistake, inadvertence, surprise or excusable neglect. The Minnesota Supreme Court has stated that courts should relieve a party from the consequences of the attorney's neglect if the party: (1) possesses a reasonable defense on the merits; (2) has a reasonable excuse for the neglect; (3) acted with due diligence after notice of entry of judgment; and (4) shows that no substantial prejudice will result to the other parties. *Conley v. Downing*, 321 N.W.2d 36, 40 (Minn.1982). The trial court has discretion to grant relief under Rule 60.02, and this court will not reverse its decision absent an abuse of that discretion. *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973).

Appellant alleges two instances of neglect: (1) failure to assert equitable estoppel in response to respondents' statute of limitations argument; and 2) failure to argue and demonstrate by affidavit that there has been damage to other property, in addition to economic loss, thus vitiating the need to commence the action within the time period set by Minn.Stat. § 336.2–725. Appellant argues that because of his attorney's excusable neglect, summary judgment was improperly entered.

In *Conley v. Downing*, 321 N.W.2d 36 (Minn.1982), the defendant's attorney failed to submit responsive pleadings to a motion for summary judgment in an action for specific performance. The attorney appeared at the hearing but did not submit any affidavits or a memorandum. Although the trial court granted the attorney time to draft a memorandum, and the attorney notified the defendant that he was preparing one, none was ever submitted. *Id.* at 38. The supreme court first determined that the trial court improperly granted the plaintiff's motion for summary judgment. *Id.* at 40. The supreme court then found the defendant had a reasonable excuse for failing to answer the summary judgment motion, and held that the defendant was entitled to have the judgment vacated because the defendant satisfied the four necessary conditions. *Id.* at 40–41.

The *Conley* court relied on *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748 (1964), an action in which default judgment was entered against the defendant after his attorney failed to answer the complaint, respond to the note of issue, or respond to a letter notifying him of the plaintiff's intention to submit the case as a default. Because the attorney had assured the defendant that he would answer the complaint and conduct the defense, and the defendant had relied on these assurances, the supreme court relieved the defendant of the attorney's neglect under Rule 60.02. *Id.* at 271–72, 128 N.W.2d at 750–51.

Appellant further relies on *Estate of Gollner*, 260 N.W.2d 567 (Minn.1977), in which the appellant's attorney failed to call a witness to testify about the signature of an attesting witness to prove heirship of a child born out of wedlock. The attorney intended to call this witness when an interruption apparently occurred in the hearing. The supreme court reversed the trial court's refusal to reopen a hearing under Rule 60.02 but limited its holding to "the peculiar facts of this case." *Id.* at 570. The court reasoned that "[b]ecause of the other findings of the county court and the underlying constitutional issue, we do not

believe appellant should be penalized by the unexplained failure of his attorney to present his case." *Id.* at 571. The supreme court determined that if the evidence represented by the affidavit had been on the record, that evidence would have been sufficient to prove the signature of an attesting witness. *Id.*

Relying on these cases, appellant argues that his prior attorney neglected to raise the most basic defense to a summary judgment motion—the existence of genuine issues of material fact. The trial court concluded that the damage to corn stored in allegedly defective bins did not constitute "other property" and that the prior counsel's failure to raise the equitable estoppel defense was either "purely a legal oversight" or "a tactical decision" and "did not amount to excusable neglect within the meaning of Rule 60.02." The trial court reasoned as follows:

> In essence, plaintiff is asking the court to decide that an attorney's failure to raise a legal defense is excusable neglect. The legal policy effects of such a decision would be far-reaching. Such a use of Rule 60.02 would provide a litigant a second chance to argue a case, but on different legal theories which counsel failed to recognize or raise at the previous proceeding. The court is satisfied, and the case law indicates, that this is not the purpose of Rule 60.02 and the court therefore denies plaintiff's motions to vacate.

We find no abuse of discretion in the trial court's denial of appellant's motion to vacate the December 3 judgment under Rule 60.02. *Conley* and *Finden,* relied on by appellant, are distinguishable because there the attorneys failed to file *any* response to the motions at issue. In the present case, appellant's former counsel filed a memorandum in opposition to the motions for summary judgment. We do not believe that an attorney's failure to defend a motion on all possible theories is a basis for this court to reverse a trial court's refusal to vacate a judgment under Rule 60.02. The trial court acted within its

discretion in determining that the former counsel's failure to raise two additional theories did not constitute excusable neglect.

## DECISION

The trial court did not abuse its discretion in denying appellant's motion to vacate the prior judgment under Rule 60.02.

Affirmed.