AMERICAN FAMILY MUTUAL INSURANCE COMPANY v.
WALTER ALBERT HOREJSI.

224 N. W. 2d 356.

December 6, 1974—No. 44808.

*Clifford F. Hansen,* for appellant.

*Williams, Halva & Sullivan* and *Lawrence H. Sullivan,* for respondent.

PER CURIAM.

This subrogation action was commenced by plaintiff to recover sums paid under the uninsured-motorist provision of an automobile liability insurance policy. Defendant's automobile struck the wife of plaintiff's insured, Robert E. Aho, while the vehicle she was operating was stopped at an intersection in response to a traffic signal. The case was tried by the court without a jury over the objections of defendant. The trial court found that defendant was negligent in the operation of his automobile, that the negligence was the proximate cause of Mrs. Aho's injuries, and therefore ordered judgment in the sum of $450 for plaintiff. The trial court also made a finding that Mrs. Aho was a passenger in her husband's automobile at the time of the accident. This obviously was a mistake of the facts. Pursuant to the provisions of Rule 110.05, Rules of Civil Appellate Procedure, the mistake was corrected by the trial court's making amended findings.

On this appeal defendant principally contends that the trial court erred in its inadvertent finding that Mrs. Aho was a passenger, that defendant was improperly denied a jury trial, and that the facts do not support the finding that defendant's negligence was the proximate cause of the accident.

The finding that Mrs. Aho was a passenger, as indicated, was corrected before the hearing was held before this court.

The trial court was correct in refusing defendant a jury trial. A note of issue requesting the case to be tried by the court was filed on April 10, 1972, and thereafter served on defendant on April 18, 1972. Defendant's note of issue for a jury trial was served on April 20, but no attempt was made to file the same until July 13, 1973. The rule of the Hennepin County Municipal Court as found in Minn. St. 488A.09, subd. 3(b), requires that where a jury trial is not demanded in a note of issue served, the person desiring a jury trial must serve and file a note of issue demanding a jury trial within 10 days after the first note of issue was served. There was a failure here to comply with this rule; accordingly, the denial of the jury trial was proper.

The finding by the trial court that defendant's negligence was the proximate cause of the accident is clearly supported by the evidence.

Affirmed.