**Ted J. RICHARDSON, et al.,**
**Appellants,**

v.

**EMPLOYERS MUTUAL CASUALTY COMPANY, Respondent.**

No. C5–87–2463.

Court of Appeals of Minnesota.

June 14, 1988.

Review Denied Aug. 24, 1988.

Daniel E. Fobbe, Cragg & Bailly, Ltd., Minneapolis, for appellants.

Kay Nord Hunt, Thomas E. Peterson, Lommen, Nelson, Cole & Stageberg, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Ted and Nadine Richardson appeal from summary judgment dismissing their claim in which they sought to stack personal injury protection benefits from their personal automobile insurance policy on top of benefits received from an employer's policy. The Richardsons also seek review of a trial court order denying their motion to supplement the record and to vacate the judgment. We affirm.

## FACTS

On September 16, 1983 appellants Ted and Nadine Richardson were seriously injured in a motor vehicle accident; it is undisputed that the other driver was at fault. The vehicle which Ted Richardson was driving was insured under a policy issued to Ted Richardson's employer, Rich-O, Inc. The Richardsons' complaint initially alleged that Rich-O owned the vehicle; the court granted the Richardsons leave to amend their complaint to reflect Ted Richardson's ownership of the vehicle. At the time of the accident, the Richardsons owned two other vehicles which they insured under a separate no-fault policy with Employers Mutual.

Appellants settled their tort claims with the driver of the other vehicle; Ted Richardson received $23,000 and Nadine Richardson received $25,000. Employers Mutual paid certain sums to appellants pursuant to the Rich-O insurance policy. Ted received $10,000 for income loss benefits and $22,948.22 for medical benefits. Nadine received $4,385.10 for income loss benefits and $16,464.76 for medical benefits.

Appellants then sought to recover damages under the Rich-O underinsured motorist policy. Ted Richardson submitted his claim for $350,000 to arbitration. The arbitrators determined his total damages amounted to $180,000 and deducted an offset for a net award of $124,951.78; the underinsured motorist limit of the Rich-O policy was $300,000. The arbitrators did not designate those parts of the award which were for future medical and wage

loss benefits. After arbitration, a release was drafted and executed which Ted Richardson asserts preserved his right to claim additional PIP benefits under his personal policy, but which was never made part of the record below. Nadine Richardson settled her underinsured motorist claim for $100,000, and also signed a release which she claims preserved her rights to additional PIP benefits, and which is in the record.

In early 1987, the Richardsons brought a declaratory judgment action seeking an order that they are entitled to stack the basic economic loss benefits from their personal automobile policy on top of the benefits from Rich-O's policy. Employers Mutual moved for summary judgment; the Richardsons moved to amend their complaint to show that Ted Richardson, rather than Rich-O, owned the vehicle involved in the accident. The trial court granted the Richardsons' request to amend their complaint, and granted summary judgment to Employers Mutual. The Richardsons appealed. This court dismissed the first appeal, ruling the trial court's decision was not a final appealable judgment because all claims were not adjudicated. Respondent dismissed its claim for attorney fees. The Richardsons then brought a motion to supplement the record and to vacate the summary judgment. The trial court denied the motion and the Richardsons appeal.

## ISSUES

1. Did the trial court abuse its discretion when it denied appellants' motion to supplement the record and to vacate the judgment?

2. Did the trial court properly grant summary judgment in favor of respondent?

## ANALYSIS

### I.

Appellants claim that a release which Ted Richardson signed and which was not introduced below is material in determining whether he is entitled to future PIP benefits. They moved that the trial court allow them to supplement the record with the release pursuant to Minn.R.Civ.App.P. 110.-

05 and to vacate the judgment pursuant to Minn.R.Civ.P. 60.02. The trial court denied the motion.

The Richardsons first argue that the court of appeals order dismissing the first appeal directed that the trial court record remain open, and indicated the claims relating to the release should be adjudicated. This argument is without merit. The order merely provided that appellants could appeal after final judgment was entered adjudicating all remaining claims, including attorney fees.

Appellants also argue that the record remained open because their claim for attorney fees was never decided by the trial court. If this is true, this claim standing alone would not give appellants the right to introduce the release in question as part of the original record.

■ The Richardsons also argue that the trial court should have granted their motion to supplement the record pursuant to Minn.R.Civ.App.P. 110.05. Rule 110.05 is limited to corrections of the record to ensure that it accurately reflects anything of material value omitted by accident, error or misstatement. *Western World Insurance Co. v. Anothen, Inc.*, 391 N.W.2d 70, 72 (Minn.Ct.App.1986). An instance in which the parties agreed the record should be supplemented with an insurance policy pursuant to Rule 110.05 occurred when the policy had not been submitted to the trial court, although the terms of the policy were argued to the court. *Payne v. Mutual Fire and Automobile` Insurance Co.*, 381 N.W.2d 523, 524 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Mar. 27, 1986). In *American Family Mutual Insurance Co. v. Horejsi*, 302 Minn. 540, 541, 224 N.W.2d 356, 357 (1974), the rule was used by the trial court to correct an obviously mistaken finding of fact.

The trial court here ruled:

[I]t is this Court's conclusion that this rule does not allow enlargement of the record to include matters never presented to the trial court.

The trial court properly did not allow the record to be supplemented, and the release

will not be considered for purposes of this appeal.

■  Appellants also argue their motion to vacate the judgment pursuant to Minn. R.Civ.P. 60.02 should have been granted. The decision of whether to vacate a judgment is within the discretion of the trial court, and its decision will not be reversed absent an abuse of discretion. *Kosloski v. Jones*, 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973). The trial court refused to vacate the judgment, finding that Rule 60.02 cannot be used to raise new issues never presented to the trial court. *Ayers v. Rudolph's, Inc.*, 392 N.W.2d 647, 650 (Minn. Ct.App.1986). Its decision was not an abuse of discretion.

### II.

■  The Richardsons contend that the underinsured motorist benefits they received under the employer's policy have not fully compensated them for their injuries, and they seek to stack the basic economic loss benefits from their personal policy on top of the employer's policy. The trial court granted summary judgment because it determined that all of Ted Richardson's damages had been determined by arbitration of his underinsured motorist claim and all of Nadine Richardson's damages had been resolved in her underinsured motorist claim settlement, and that to allow further claims would be to allow double recovery in contravention of Minn.Stat. § 65B.42(5) (1986). The Richardsons argue that because there was a material question of fact as to whether they were fully compensated for their injuries, the trial court's decision granting summary judgment was erroneous.

■  Basic economic loss benefits may be stacked to the extent of actual injuries suffered up to the stacked policy limits of all policies on a single priority level. *Wasche v. Milbank Mutual Insurance Co.*, 268 N.W.2d 913, 919 (Minn.1978). The arbitrators determined that Ted Richardson sustained damages in the amount of $180,-000, subject to an offset for amounts previously paid. Nadine Richardson negotiated a settlement with Employers Mutual under the employer's underinsured policy for $100,000. This court need not address the issue of whether stacking would be appropriate because we have determined that the Richardsons have been fully compensated for their losses under the employer's policy. The trial court properly granted summary judgment in favor of Employers Mutual.

### DECISION

Affirmed.