MIDWAY NATIONAL BANK OF ST. PAUL as Trustee and Conservator for Nancy Bollmeier, Plaintiff,

v.

Emil Wayne BOLLMEIER, et al., Defendants.

The HARTFORD FIRE INSURANCE COMPANY, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, State Farm Fire and Casualty Company, Emil Wayne Bollmeier, Dynex Research, Inc. et al., Midway National Bank of St. Paul as Trustee and Conservator for Nancy Bollmeier, Respondents,

Nancy Bollmeier, Defendant.

No. C7-90-773.

Court of Appeals of Minnesota.

Oct. 30, 1990.

Review Granted Jan. 8, 1991.

Dexter O. Corliss, Hagglund Law Firm, Minneapolis, for appellant.

Lawrence R. King, Barbara R. Hatch, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for State Farm Mut. Auto. Ins. Co.

Roderick D. Blanchard, Raymond L. Tahnk–Johnson, William M. Hart, Meagher & Geer, Minneapolis, for State Farm Fire & Cas. Co.

Lee L. LaBore, Hopkins, for Emil Bollmeier.

Richard J. Langlais, Langlais & Langlais, Hastings, for respondent Estate of Emil Wayne Bollmeier.

Keith J. Kerfeld, Minneapolis and Steven D. Hawn, St. Paul, for respondents Emil Bollmeier, Dynex Research, and C–Tek.

William D. Harper, Cottage Grove, for Midway Nat. Bank of St. Paul, et al.

Considered and decided by KALITOWSKI, P.J., and DAVIES and THOREEN,* JJ.

## OPINION

DAVIES, Judge.

Nancy Bollmeier was tragically injured in an automobile accident and subsequently recovered a $2.5 million judgment against her husband Wayne. This declaratory judgment action arises out of Mrs. Bollmeier's efforts to find insurance to cover the judgment. The trial court ruled that coverage existed in the following priority: the policy on the automobile involved in the accident, a policy on one of the cars owned by the driver (Nancy's husband Wayne), the policy of appellant Hartford Fire Insurance Company covering the respondeat superior responsibilities of Wayne's employer (Dynex Research, Inc.), and, finally, the coverage on a blanket policy covering Wayne. Appellant Hartford asserts it should be last in this line. We agree. Respondent State Farm Auto asserts in its notice of review that because of family exclusions it should have no responsibility on any of the policies carried by Wayne. We disagree. We affirm in part and reverse in part.

## FACTS

This action arises out of an automobile accident which occurred on January 3, 1986. On that date, Emil Wayne Bollmeier (Bollmeier), accompanied by his wife Nancy, was returning home to St. Paul after attending a business meeting in Wausau, Wisconsin. At the time of the accident, Bollmeier was driving a 1985 Mitsubishi automobile owned and insured by his wife Nancy when he crossed the center line and struck an oncoming truck. As a result of the accident, Nancy sustained severe personal injuries and was awarded a $2.5 million verdict against her husband.

This declaratory judgment action was commenced by The Hartford Fire Insurance Company for the purpose of determining the extent and priority of insurance coverage responsible for payment of the damages awarded to Nancy against her husband. Hartford brought the action because it had issued a business auto policy providing $500,000 in liability coverage to Dynex Research, Inc., for which Bollmeier was president, and C–Tek, a limited partnership, for which he was an officer. The 1985 Mitsubishi automobile involved in the accident was insured by Nancy under a $100,000 liability policy with State Farm Mutual Automobile Insurance Company (State Farm Auto). Bollmeier himself owned three other automobiles insured through State Farm Auto, each policy providing a limit of $100,000 liability coverage.

Bollmeier was also insured under a personal liability umbrella policy providing $1 million in coverage issued by State Farm Fire & Casualty Insurance Company (State Farm Fire). Bollmeier had originally purchased a one million dollar "Success Protector" policy through his State Farm agent, Charles Coughlen, in 1976. In 1983, State Farm Fire replaced the "Success Protec-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

tor" policy with the personal liability umbrella policy involved in this case. Bollmeier claimed in a deposition that while he did receive a billing notice showing the name of the new umbrella policy, he never received a copy of the policy itself. The billing notice did not indicate that the umbrella policy contained a family exclusion provision which had not been in the "Success Protector" policy. The family exclusion provision excludes coverage for personal injury to, among others, the named insured and his or her spouse. The trial court found the addition of the family exclusion provision in the new policy to be a significant change in coverage. The trial court also found Bollmeier was not notified by his agent or otherwise about the added exclusion. In fact, the agent did not even know about the family exclusion provision until after the accident.

All of the parties brought cross-motions for summary judgment to resolve the coverage issues. On October 11, 1989, the trial court issued its order for summary judgment ruling on the coverage issues as follows:

1. That State Farm policy 525 0817–23E insuring a 1985 Mitsubishi vehicle in the name of N.L. Bollmeier provides the initial $100,000 of liability coverage for claims arising from the automobile accident of January 3, 1986.

2. That any of the three State Farm Insurance policies issued to Wayne Bollmeier or E.W. Bollmeier provide secondary coverage for the claims arising out of the January 3, 1986, automobile accident in the amount of $100,000 of liability coverage.

3. That policy number 41 UUC NH 95 issued by Hartford Insurance Company to C–TEK LIMITED PARTNERSHIP d.b.a. DYNEX RESEARCH, INC., if applicable, provides up to $500,000 in excess coverage for claims arising from the January 3, 1986, accident, such excess coverage to be determined in accordance with Part IV B(2) of the Hartford policy.

4. That the personal liability policy issued by State Farm Insurance Company to Emil Wayne Bollmeier bearing policy number 23–99–2151–9 provides an additional one million dollars in excess coverage for claims arising from the January 3, 1986, accident; said coverage is excess over all other insurance policies.

The order for summary judgment did not contain a specific directive to enter judgment.

On November 9, 1989, State Farm Auto and State Farm Fire filed a combined notice of appeal. After filing this notice, State Farm also moved the trial court for reconsideration of its order. The trial court denied this motion on November 30, 1989, on the ground that it no longer had jurisdiction over the matter because an appeal had been perfected. On January 11, 1990, upon State Farm's own motion, this court dismissed the appeal as having been taken from a nonappealable order.

State Farm then brought a second motion for reconsideration before the trial court. State Farm sought in this motion to supplement the record in order to show that, because of the family exclusions, secondary coverage was not available under any of the three policies issued to Bollmeier on his own vehicles and that coverage was also not available under his personal liability umbrella policy. The trial court denied this motion on February 20, 1990, specifically ordering "[t]hat the record shall not be supplemented to include matters that were not presented to the Court on the original motion for summary judgment." The trial court also directed the court administrator to enter judgment pursuant to the October 11, 1989, order of the court. Judgment was entered on April 3, 1990.

On April 5, 1990, Hartford filed a notice of appeal. On April 19, 1990, State Farm Auto and State Farm Fire filed a notice of review. After the briefs were filed, Midway National Bank brought a motion to this court seeking to strike certain materials from the briefs and appendices of State Farm Auto and State Farm Fire. On July 2, 1990, this court deferred its decision on the motion to strike until consideration of the appeal on its merits and stated it would then determine whether to impose sanctions upon counsel for the alleged inclusion

of improper materials. In addition, on August 8, 1990, this court allowed Midway National Bank and Hartford to file copies of the brief filed by State Farm in the prior dismissed appeal for the limited purpose of demonstrating that State Farm had not previously claimed that a deposition of Bollmeier was not before the trial court. Finally, on August 9, 1990, the trial court, pursuant to a motion brought by Hartford under Minn.R.Civ.App.P. 110.05, issued an order clarifying the record on appeal to reflect that it considered the January 16, 1989, deposition of Bollmeier in its decision on the cross-motions for summary judgment.

## ISSUES

1. Should materials in the briefs and appendices of State Farm Fire and State Farm Auto be stricken and, if so, should sanctions be imposed upon counsel for improperly including the materials?

2. Did the trial court abuse its discretion in denying State Farm's motion to reconsider the October 11, 1989, order for summary judgment?

3. Did any of the three automobile liability insurance policies issued by State Farm Auto to Bollmeier provide secondary coverage for the claims asserted against him by his wife Nancy as a result of the January 3, 1986, accident?

4. Did the personal liability umbrella policy issued by State Farm Fire to Bollmeier provide excess coverage for the claims asserted against him by his wife Nancy as a result of the January 3, 1986, accident?

5. Did the trial court err in concluding that the personal liability umbrella policy issued by State Farm Fire provides excess coverage over all other insurance policies, including the business auto policy issued to C–Tek by Hartford?

## ANALYSIS

### I.

The function of this court on an appeal from summary judgment is:

only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

■■■ The Minnesota Supreme Court has stated that:

[a]n appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence below.

*Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn.1988). Midway National Bank brought a motion before this court seeking to strike certain materials from the briefs and appendices of State Farm Auto and State Farm Fire. These materials had been submitted, for the first time, to the trial court in State Farm's combined motions for reconsideration. The materials included certified copies of the three State Farm automobile liability policies issued to Bollmeier. Only the declarations pages had previously been in evidence. The blanket policy had been introduced in its entirety, but State Farm Fire now sought to introduce an affidavit of Fran D. Conlee, an underwriting and service department operations supervisor of State Farm Fire, stating notice was sent to all insureds in 1983 when the "Success Protectors" policies were converted to personal liability umbrella policies, and a copy of the notice entitled "About Your New Policy" allegedly sent to all insureds. In its order denying State Farm's motion for reconsideration, the trial court specifically stated that the record could not be supplemented by these materials because they were not presented to the court on the original motion for summary judgment.

The Minnesota Supreme Court has stated the record does not remain open for the submission of new evidence after the trial court makes its order granting summary judgment, even if the court does not make its order final by making the express determination that there was no just reason for delay in the entry of judgment. *See Dalco Corp. v. Dixon,* 338 N.W.2d 437, 440 (Minn. 1983). As a result, the trial court correctly

refused to consider the materials submitted by State Farm in the motion to reconsider. Since the materials were not properly before the trial court below, this court may not consider the materials on appeal. Accordingly, this court grants Midway National Bank's motion to strike the improperly included materials from the briefs and appendices of State Farm Auto and State Farm Fire. *Cf. Caucus Distribs., Inc. v. Commissioner of Commerce,* 422 N.W.2d 264, 273 (Minn.App.1988) (striking portions of a brief appendix that were not before the trial court), *pet. for rev. denied* (Minn. June 10, 1988), *cert. denied,* 488 U.S. 1006, 109 S.Ct. 786, 102 L.Ed.2d 778 (1989); *Krueger v. Washington Fed. Sav. Bank,* 406 N.W.2d 543, 545 (Minn.App.1987) (striking factual allegations in briefs not presented to trial court). No sanction is imposed, however.

## II.

■ State Farm Fire moved the trial court to "reconsider" its October 11, 1989, summary judgment pursuant to Minn.R. Civ.P. 60.02. State Farm now argues that the trial court improperly refused to consider certain evidence and erred in denying the motion. State Farm alleges that the order for summary judgment was based on causes of action or legal theories not duly raised in the pleadings and not stated as grounds for the motion and that, as a result, there was lack of notice and that counsel for State Farm was not aware of all the defenses and offers of proof it needed to make to the trial court. Under Minn. R.Civ.P. 60.02,

> On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment * * * and may order a new trial or grant such relief as may be just for the following reasons:
>
> *     *     *     *     *     *
>
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial * * *
>
> *     *     *     *     *     *

> (f) Any other reason justifying relief from the operation of the judgment.

The law is clear that:

> [t]he decision of whether to vacate a judgment [under Minn.R.Civ.P. 60.02] is within the discretion of the trial court, and its decision will not be reversed absent an abuse of discretion.

*Richardson v. Employers Mut. Casualty Co.,* 424 N.W.2d 317, 320 (Minn.App.1988), *pet. for rev. denied* (Minn. Aug. 24, 1988); *see also Kosloski v. Jones,* 295 Minn. 177, 180, 203 N.W.2d 401, 403 (1973) (whether a default judgment should be reopened under Minn.R.Civ.P. 60.02 is "largely within the discretion of the trial court."); *Ayers v. Rudolph's Inc.,* 392 N.W.2d 647, 649 (Minn. App.1986) (citing *Kosloski,* 295 Minn. at 180, 203 N.W.2d at 403).

The essential purpose of State Farm's motion to reconsider was to introduce new evidence. This court has stated:

> [w]e do not believe that an attorney's failure to defend a motion on all possible theories is a basis for this court to reverse a trial court's refusal to vacate a judgment under Rule 60.02.

*Ayers,* 392 N.W.2d at 650. *See also Richardson,* 424 N.W.2d at 320. As a result, since we have already concluded that the trial court could properly refuse to consider the new evidence, and since the trial court's order is fully consistent with and in accordance with the relief demanded in Hartford's complaint for declaratory judgment, we conclude that the trial court did not abuse its discretion in refusing to consider the evidence and in denying State Farm's motion to reconsider the order for summary judgment.

## III.

■ State Farm Auto argues on appeal that the three automobile policies issued to Bollmeier do not provide secondary coverage for the claims asserted against him by his wife Nancy. State Farm Auto bases its argument on specific exclusionary language contained in each of the policies. However, as previously discussed, none of the three policies were before the trial court when it issued its order for summary

judgment and, therefore, they are not in the record for this court to review on appeal. On the evidence it *did* have before it, the trial court could appropriately arrive at the decision that any of the three automobile policies issued to Bollmeier by State Farm Auto provide secondary coverage for claims arising from the accident.

### IV.

■ State Farm Fire argues on appeal that the personal liability umbrella policy issued to Bollmeier does not provide excess coverage for the claims asserted against him by his wife Nancy. This argument is based on a family exclusion provision contained in the policy. The trial court found, however, that Bollmeier did not receive a copy of the new umbrella policy or any other notice beyond a mere billing statement when the umbrella policy replaced his prior "Success Protector" policy which did not contain a similar family exclusion provision. The trial court found the addition of the family exclusion provision to be a significant change in coverage and unenforceable because Bollmeier had not received adequate notice of the change as required by *Canadian Universal Insurance Co. v. Fire Watch, Inc.*, 258 N.W.2d 570, 575 (Minn.1977) ("When an insurer by renewal of a policy or by an endorsement to an existing policy substantially reduces the prior insurance coverage provided the insured, the insurer has an affirmative duty to notify the insured in writing of the change in coverage. Failure to do so shall render the purported reduction in coverage void.").

The trial court based its finding that Bollmeier did not receive notice of the coverage change on the uncontradicted deposition statements of both Bollmeier and his insurance agent, Charles Coughlen. State Farm Fire argued both to the trial court in its motion for reconsideration and to this court on appeal that the January 16, 1989, deposition of Bollmeier was not considered by the trial court in making its decision on the motion for summary judgment, but the trial court has issued an order clarifying the record on appeal to reflect that it did consider the deposition. Therefore, there was evidence before the trial court that Bollmeier did not receive notice of the changed term of coverage. That evidence was uncontradicted and the trial court appropriately found that the family exclusion provision was not effective.

### V.

■ The final issue involved in this appeal concerns whether the trial court erred in placing the business auto policy issued to Dynex Research by Hartford ahead of the personal liability umbrella policy issued to Bollmeier by State Farm Fire in priority. The Dynex liability here is vicarious. We note at the outset of our consideration the issue is not the interpretation and construction of insurance policies. The issue is priority as to the underlying liability of defendants Bollmeier and Dynex.

*Nordby v. Atlantic Mutual Insurance Co.*, 329 N.W.2d 820 (Minn.1983), clearly controls the outcome. In *Nordby* a minister employed by two churches was involved in an automobile accident while driving his own automobile on church business. A passenger in his vehicle was seriously injured and sued Reverend Nordby, the driver of the other vehicle, and both churches for damages. Reverend Nordby carried a $25,000 automobile liability insurance policy on his own automobile. Each of the two churches employing him also carried $1 million general liability insurance policies. The automobile liability insurance carrier argued in a declaratory judgment action that the liability policies of the two churches provided primary coverage. The trial court disagreed and determined that Nordby's own automobile liability insurance carrier was the primary insurer and the general liability policies of the churches provided excess coverage. On appeal, the supreme court affirmed, stating that:

> a policy which insures the owner against the risk of the owner's own negligence must be considered primary to the more incidental risk of an employer's vicarious liability for that person's negligence.

*Nordby*, 329 N.W.2d at 823–24.

In this case, the business auto policy issued to Dynex Research is a vicarious

liability policy covering automobile accidents involving employees, including Bollmeier. Therefore, under *Nordby,* since Dynex Research is only vicariously liable for Bollmeier's negligence, the State Farm umbrella policy insuring Bollmeier against the risk of his own negligence must be considered primary to the Hartford policy. Accordingly, we reverse the holding of the trial court placing the business auto policy issued to Dynex Research by Hartford ahead of the personal liability umbrella policy issued to Bollmeier by State Farm Fire in order of coverage.

## DECISION

We grant Midway National Bank's motion to strike materials not properly before the trial court from the briefs and appendices of State Farm Auto and State Farm Fire.

We conclude that the trial court improperly placed the Hartford business auto policy ahead of the State Farm Fire umbrella policy in order of priority of coverage. The remainder of the judgment is affirmed.

Affirmed in part and reversed in part.