MIDWAY NATIONAL BANK OF ST. PAUL as Trustee and Conservator for Nancy Bollmeier, Plaintiff,

v.

Emil Wayne BOLLMEIER, et al., Defendants.

The HARTFORD FIRE INSURANCE COMPANY, Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner, Appellant,

State Farm Fire and Casualty Company, Petitioner, Appellant,

Emil Wayne Bollmeier, Respondent,

Dynex Research, Inc. et al., Respondents,

Midway National Bank of St. Paul as Trustee and Conservator for Nancy Bollmeier, Respondent,

Nancy Bollmeier, Defendant.

No. C7–90–773.

Supreme Court of Minnesota.

Aug. 30, 1991.

R.D. Blanchard, Raymond L. Tahnk–Johnson, William M. Hart, Meagher &

Geer, Minneapolis, for State Farm & Cas. Co.

Barbara R. Hatch, Lawrence R. King, Murnane, Colin, White, Brandt & Hoffman, St. Paul, for State Farm Mut. Auto. Ins. Co.

William D. Harper, Cottage Grove, for Midway Nat. Bank of St. Paul.

Clarence E. Hagglund, Dexter O. Corliss, Hagglund Law Firm, P.A., Minneapolis, for Hartford Fire Ins. Co.

Lee L. LaBore, Hopkins, and Steven D. Hawn, St. Paul, and Richard J. Langlais, Hastings, for Emil Bollmeier.

Keith J. Kerfeld, Minneapolis, for Dynex Research, Inc. and C–Tek.

## OPINION

GARDEBRING, Justice.

Petitioners State Farm Mutual Automobile Insurance Company (State Farm Auto) and State Farm Fire and Casualty Company (State Farm Fire) seek review of a summary judgment ruling that policies issued by the two companies provide coverage for liability arising from an accident that injured Nancy Bollmeier. Holding that the court of appeals correctly applied the policies in view of the contractual language, the circumstances surrounding each contract, and the legal arguments presented by all parties, we affirm in all respects.

Nancy Bollmeier was severely injured in an automobile accident on January 3, 1986. She was riding as a passenger in her own car, which her husband was driving home from a business trip. Through her conservator, Midway National Bank (Midway), Nancy brought a civil action against her husband, E.W. (Wayne) Bollmeier, alleging his negligence caused Nancy's personal injuries. State Farm Auto, which insured both Nancy's car and Wayne's cars and motorcycle under separate policies; Hartford Fire Insurance Company (Hartford), which insured Wayne's business enterprise (C–Tek, a limited partnership, doing business as Dynex Research, Inc.); and State

Farm Fire, which insured Wayne for personal liability, were joined as defendants in Nancy's personal injury action against Wayne. During the pretrial phase of the personal injury action, Hartford brought a declaratory judgment action against the other insurers to determine each company's extent of coverage for liability arising from the accident. The personal injury and insurance coverage actions were consolidated for trial; before trial began, Midway, Hartford, and the two State Farm companies (then jointly represented) filed cross-motions for summary judgment on the insurance coverage issues.

The trial court held a hearing on the summary judgment cross-motions and later issued an order concluding that Nancy's State Farm Auto insurance policy on her car, the car involved in the accident, provided primary liability coverage for claims arising from the accident and that one of three State Farm Auto insurance policies on vehicles owned by Wayne, the driver at the time of the accident, provided secondary liability coverage, without stacking of benefits. Further, the trial court determined that the Hartford business automobile insurance policy provided excess coverage according to contractual language limiting coverage to a proportional share of total liability. The State Farm Fire personal liability policy on Wayne provided coverage in excess of all other insurance policies, despite language in the insurance contract denying coverage of claims by members of Wayne's household, because the household exclusion appeared in a modification of Wayne's insurance contract of which Wayne was not properly notified.

State Farm Auto and State Farm Fire jointly appealed the trial court's order. A few days later, the State Farm companies both moved for relief from the trial court's order under Minn.R.Civ.P. 60. While both the appeal and motion were pending, the trial of the consolidated personal injury action began. The trial court denied the motion "to reconsider" the insurance coverage summary judgment order, pointing out that it had been divested of jurisdiction of those issues by State Farm's perfecting an appeal. A jury verdict in the personal injury action was returned, finding Wayne's liability to exceed the aggregate amount of all the insurance policies in dispute. The court of appeals eventually dismissed the appeal of the insurance coverage issues because the summary judgment order had not included an order for entry of judgment and thus was not an appealable final judgment.

The State Farm companies then moved the trial court "to reconsider" under Minn. R.Civ.P. 60 or, in the alternative, to enter judgment so that appeal might be taken from the summary judgment order, arguing that a "household exclusion" in Wayne's policies defeated coverage. The trial court found that this affirmative defense had not been pleaded or argued in any filing by State Farm Auto until after the summary judgment order. The trial court found further that State Farm Auto's attempt to introduce copies of the policies on Wayne's vehicles should not be permitted, because it was an effort to add materials to the record that were not before the trial court at the time of the summary judgment motion. The trial court concluded that State Farm Auto had made no demonstration of excusable neglect, as required by Minn.R.Civ.P. 60, and denied the motion for reconsideration in all respects. The trial court ordered entry of judgment as to the insurance coverage issues.

Hartford appealed from the final summary judgment, and the State Farm companies filed a notice of review. State Farm Fire and State Farm Auto then obtained separate counsel. Because of disputes about the state of the record before the trial court, Hartford moved the trial court for clarification of the record under Minn. R.Civ.App.P. 110.05. The trial court issued an order clarifying the record on appeal, making clear its reliance on a January 16, 1989 deposition of Wayne and a deposition the same day of Wayne's insurance agent. Cited and argued in the cross-motions for summary judgment, the depositions provided an evidentiary basis for the trial court's determination that Wayne had not received adequate notice of a change in coverage

under his State Farm Fire personal liability policy.

The court of appeals held, in *Midway National Bank v. Bollmeier*, 462 N.W.2d 401 (Minn.App.1990), that the trial court judgment should be modified only by putting Hartford last in line in prioritizing the insurance policies. *Id.* at 407. The court of appeals agreed with Hartford that *Nordby v. Atlantic Mut. Ins. Co.*, 329 N.W.2d 820 (Minn.1983) controlled the priority of Hartford's policy as against State Farm Fire. 462 N.W.2d at 406–07. It rejected State Farm Auto's claim based on exclusionary language in the policies on Wayne's vehicles, concluding that none of the policies were in the record before the trial court. *Id.* at 405–06. The court of appeals also rejected State Farm Fire's claim based on exclusionary language in Wayne's personal liability policy, holding that the trial court correctly ruled that State Farm Fire had attempted to significantly alter the coverage of Wayne's policy without proper notification.

Before this court, State Farm Auto seeks review of the court of appeals ruling that its policies on Wayne's vehicles cover Wayne's liability to Nancy. State Farm Fire seeks review of the court of appeals ruling that its personal liability policy on Wayne covers Wayne's liability to Nancy. Respondents Midway and Hartford urge that the court of appeals be affirmed in all respects. We examine the applicability and priority of each insurance policy at issue in this case, taking care to confine our review to the matters before the trial court.

■ No party disputes that the primary coverage for Wayne's liability to Nancy is provided by Nancy's own State Farm Auto policy on her Mitsubishi car, the car Wayne was driving at the time of the accident. The trial court ruled that Nancy's policy provided primary coverage; the court of appeals affirmed; no party has briefed this issue on further review. We hold that primary coverage is provided by Nancy's State Farm Auto policy.

There is considerably more dispute as to whether any coverage is provided by the State Farm Auto policies on Wayne's other vehicles. The summary judgment order ruled "any of the three State Farm Insurance policies issued to Wayne Bollmeier" were second in priority for providing coverage.

The first dispute is whether these policies appear in the trial record at all. The court of appeals concluded that "none of the three policies were before the trial court when it issued its order for summary judgment and, therefore, they are not in the record for this court to review on appeal." 462 N.W.2d at 405–06.

■ Our own examination of the somewhat disorganized files transmitted from the trial court suggests that at least one of Wayne's policies may have been part of the record. However, the presence or absence of the contract language in the record is not dispositive where, as here, State Farm Auto neither raised nor argued applicability of the exclusionary language in its summary judgment motion. State Farm Auto's answer included a denial of coverage under the policies on Wayne's vehicles, but it did not include the affirmative defense based on the exclusionary language. Opposing parties had alleged that State Farm Auto's policies on Wayne's cars provided coverage for Wayne's liability to Nancy; Hartford asserted this in its memorandum of law accompanying its motion for summary judgment. Before the summary judgment order, Midway filed and copied to all counsel a memorandum of law arguing under *Parsons v. Parsons*, 413 N.W.2d 185 (Minn.App.1987) that Wayne's car insurance policies provided coverage, without stacking of benefits.

State Farm Auto urges that we consider this issue de novo to determine whether the exclusionary clause in Wayne's car insurance policies should operate to bar coverage of Wayne's liability to Nancy. We disagree. Rather, because State Farm did not argue this point during the consideration of the summary judgment motion, we hold the correct standard of review is whether the trial court abused its discretion in denying State Farm's motion "to reconsider" under Minn.R.Civ.P. 60.02.

Rule 60.02 allows relief from trial court orders

for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial pursuant to Rule 59.03;

(c) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

\* \* \* \* \* \*

(f) Any other reason justifying relief from the operation of the judgment.

Minn.R.Civ.P. 60.02. The rule further mandates that "any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." *Id.* We concur with the trial court order denying reconsideration because "[f]ailure to defend on all possible theories is not a basis for vacating a judgment under Rule 60.02." Moreover, we will not consider new issues raised by a losing party for the first time on appeal. *Urban v. Continental Convention & Show Management, Inc.*, 244 Minn. 44, 47, 68 N.W.2d 633, 635 (1955).

Because State Farm Auto did not plead its affirmative defense of a policy exclusion, did not request a judgment of no coverage under Wayne's car insurance policies in its motion for summary judgment, and did not address the issue of coverage under those policies directly during any phase of the consideration of the summary judgment cross-motions, the trial court gave full weight to the arguments of the other parties that Wayne's car insurance policies should cover Nancy's injuries. State Farm demonstrated no excusable neglect or other valid reason for relief under Rule 60.02. We affirm the court of appeals decision that the trial court's order on this matter was not an abuse of discretion.

Also in dispute in this case is the applicability of the State Farm Fire personal liability policy on Wayne. Unlike the State Farm Auto policy issue, this issue was argued vigorously by all parties below.

When Wayne was a high-level executive working with Minnesota Mining & Manufacturing, he purchased a "Success Protector" personal liability policy to make sure his assets would not be exhausted by a lawsuit. The policy's inception date was September 10, 1976. Wayne's Success Protector policy was changed into a policy State Farm calls a "personal liability umbrella policy" in 1983. The "personal liability umbrella policy" does not provide coverage for liability claims against Wayne by members of his own household, claims that were covered by the Success Protector policy. Hartford and Midway argued on the summary judgment motion that this change in coverage was never properly communicated to Wayne when his insurance contract was modified, and that therefore the purported exclusion of coverage is void. Those parties relied on depositions of Wayne and his insurance agent to show lack of proper notice. The trial court specifically ruled that the transcripts of the depositions of Wayne and his insurance agent taken on January 16, 1989, attended by all parties, were part of the record during the consideration of the summary judgment cross-motions, and in fact were relied upon by the trial court.

State Farm Fire contends before us that those deposition transcripts, although considered by the trial court before it issued the summary judgment order, were not properly before the trial court because they were submitted after the hearing on the summary judgment cross-motions. State Farm Fire now cites *Dalco Corp. v. Dixon*, 338 N.W.2d 437 (Minn.1983), a case in which we held that a trial court may properly refuse to consider materials submitted after the hearing on a summary judgment motion when ruling on the motion. *Dalco* is, however, inapposite here. The trial court provided State Farm an opportunity to argue and brief the issue of the timeliness of the submission of those depositions during its consideration of the motion to clarify the record on appeal. The trial court specifically found in its August 9, 1990 order that State Farm chose not to

brief that issue, and therefore the trial court expressed no opinion on the issue. This issue cannot be raised for the first time on appeal. *Simonsen v. BTH Properties,* 410 N.W.2d 458, 460 (Minn.App.1987), *rev. denied* (Minn. Oct. 26, 1987); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d,* § 2722 text at nn. 38–39 (1983).

■ The propriety of including the January 16, 1989 deposition transcripts in the summary judgment record not having been challenged by any party in a timely fashion, their presence in the record is considered for its legal effect. The deposition transcripts adequately show that Wayne and State Farm Fire first contracted for State Farm Fire to provide coverage for Wayne's liability to any other person. Later, State Farm Fire unilaterally denied coverage for Wayne's liability to members of his own household when it modified the contract. According to all evidence in the record, Wayne was never notified of this change of coverage. If an insurance contract is modified and the insured is not notified in writing of substantial changes of coverage, the modifications cannot be enforced against the insured. *Canadian Universal Ins. Co. v. Fire Watch, Inc.,* 258 N.W.2d 570, 573–75 (Minn.1977). State Farm Fire cannot credibly claim it was surprised by this basis for the trial court's summary judgment order, since the great bulk of Midway's timely submitted and properly filed memorandum of law in support of its motion for summary judgment cited the depositions, cited *Fire Watch* and developed a legal argument based on Wayne's expectations arising from the course of performance between the parties. The trial court adopted this argument and refined it in its memorandum accompanying the summary judgment order; we affirm the court of appeals in its determination that the trial court was correct.

Both of the preceding two issues illustrate the dangers of moving for summary judgment without taking care to ensure an adequate record before the trial court. While declining to decide how we would have viewed the merits of each issue on a different record, we note that our disposition of issues on further review must be based on the state of the record at the trial court. Given the number of posttrial motions and appellate actions attempting to clarify the record, it would have been helpful for each of the parties to individually consider which materials would be necessary to form a complete record on summary judgment. A trial court may properly, and by rule sometimes must, decline to order summary judgment when the record is incomplete. But a trial court is not required to make sua sponte legal arguments for parties who do not advance those arguments themselves. Each party must zealously ensure that the record on a motion reflects all facts and legal arguments necessary to that party's position.

■ As to the Hartford policy on C–Tek Limited Partnership d.b.a. Dynex Research, the only dispute is the priority of that policy relative to the other policies in this case. The trial court ruled that the Hartford policy on C–Tek covered Nancy Bollmeier's injuries, under policy clause B. Other Insurance (1)–(2), as excess insurance and ruled that the State Farm Fire personal umbrella policy was, in turn, excess to the Hartford policy. The court of appeals reversed this part of the trial court ruling, holding that the Hartford policy was excess to all other insurance in the case because the liability it insured against was vicarious rather than primary liability. 462 N.W.2d at 406–07.

The court of appeals relied on *Nordby v. Atlantic Mut. Ins. Co.,* 329 N.W.2d 820 (Minn.1983), a decision that examined policy language to determine if a minister of two churches was covered under the churches' liability policies for a car accident for which the minister was liable, which occurred while the minister drove his own car on church business. We held in *Nordby* that each policy identified as an "insured" any officer of the church using a car, not owned by the church, for church business, but excluded "an executive officer with respect to an automobile owned by him." *Id.* at 822–23. Thus, Nordby was not personally an insured under the

churches' insurance policies with respect to that accident, but whatever vicarious liability attached to the churches was covered by their policies. The *Nordby* rule establishes that "a policy which insures the owner against the risk of the owner's own negligence must be considered primary to the more incidental risk of an employer's vicarious liability for that person's negligence." *Id.* at 823–24. The churches' policies were thus held to be secondary in priority to Nordby's policy. *Id.*

The question in this case is whether Wayne was himself an insured under the Hartford insurance policy for C–Tek with respect to the January 3, 1986 accident or whether only C–Tek, as a vicariously liable business entity, is an insured. The Hartford policy provides that an insured is anyone driving a covered auto, which is further defined to include " * * * **autos** owned by [C–Tek's] employees or members of their households but only while used in [C–Tek's] business or [C–Tek's] personal affairs." However, this clause is modified by an endorsement page applying to automobiles owned by partners, which says:

> If you are a partnership, no auto owned by any of your partners or members of their households is a covered auto for the LIABILITY INSURANCE unless the policy is endorsed to cover that auto as a covered auto and the proper premium is charged.

No such endorsement covering Nancy's (a member of a C–Tek partner's household's) car appears in the record. The named insured, C–Tek, is a partnership (Wayne was a partner), and no endorsement appears in the policy to cover the auto involved in the accident, which was owned by Nancy, a member of Wayne's household. Therefore, Wayne is not an insured under the Hartford policy as to the January 3, 1986 accident because he was not driving a covered car. However, Hartford contracted to cover C–Tek's vicarious liability as well.

Because coverage under the Hartford policy is for C–Tek's vicarious liability, the *Nordby* rule applies. State Farm Fire's coverage of Wayne applies to Wayne's own negligence, while Hartford's coverage of

C–Tek applies to C–Tek's vicarious liability. Therefore the prioritization of the policies determined by the court of appeals is correct.

Affirmed.

COYNE, J., took no part in the consideration or decision of this case.