Randolph **EIYNK** as guardian ad litem for Jennifer Sabrowsky, judgment creditor, Appellant,

v.

David **SABROWSKY**, Judgment Debtor,

and

North Star Mutual Insurance Co., garnishee, Respondent.

No. C6–94–1101.

Court of Appeals of Minnesota.

December 6, 1994.

Mark McKeon, Willenbring, Dahl, Wocken & Zimmermann, Cold Spring, for appellant.

Paul Stoneberg, Christianson, Stoneberg, Giles & Myers, P.A., Marshall, for respondent.

Considered and decided by PETERSON, P.J., and LANSING and AMUNDSON, JJ.

## OPINION

LANSING, Judge.

An insurer and a judgment creditor dispute the application of *Canadian Universal Insurance Co. v. Fire Watch, Inc.* We affirm the district court's interpretation that an added household exclusion is a substantial coverage reduction that is void for lack of notice under *Canadian Universal.* We further hold that a mutually agreed increase in the amount of coverage remains in effect. Affirmed as modified.

## FACTS

North Star Mutual issued a liability insurance policy to David Sabrowsky in November 1979. The policy provided $100,000 of coverage for claims brought by persons, including family members, injured on Sabrowsky's property.

Sabrowsky renewed this policy for an additional three years in November 1982. The renewed policy was similar to the original policy except it contained a household exclusion for bodily injury to family members. North Star did not notify Sabrowsky of this exclusion.

In 1984 Sabrowsky applied for and was issued a new North Star superstar policy. The superstar policy replaced Sabrowsky's 1982 policy and provided the same scope of personal injury liability coverage. In January 1986, Sabrowsky increased the liability limits on this policy to $300,000.

In April 1986, Sabrowsky's eleven-year-old daughter was severely injured when she became entangled in the auger of a silo unload-er. The child's guardian ad litem sued the manufacturer of the silo unloader, and the manufacturer brought a third party claim against Sabrowsky. Sabrowsky submitted the claim to North Star for defense and indemnification. North Star refused to defend because of the household exclusion. Sabrowsky and the manufacturer entered into a *Miller–Shugart* agreement under which Sabrowsky stipulated to liability in the amount of $300,000. The manufacturer assigned its interest to the guardian ad litem. North Star and the guardian ad litem stipulated that Sabrowsky's negligence caused his daughter's injuries and each moved for summary judgment.

The district court ruled that the household exclusion constituted an unadvised substantial reduction in coverage that was void under *Canadian Universal.* The court further ruled that the amount of coverage was the prerenewal amount of $100,000 rather than the postrenewal amount of $300,000. North Star disputes the district court's application of *Canadian Universal.* The guardian ad litem, as judgment creditor, disputes the court's ruling on the coverage amount.

## ISSUES

I. Is an unadvised household exclusion in a renewed policy a substantial reduction in coverage that is void for lack of notice under *Canadian Universal?*

II. Did the district court err in applying the liability limits of the original 1979 policy?

## ANALYSIS

### I

If an insurer substantially reduces the prior insurance coverage provided to the insured, either through a policy renewal or an endorsement, it must notify the insured of the change in writing. *Canadian Universal Ins. Co. v. Fire Watch, Inc.,* 258 N.W.2d 570, 575 (Minn.1977). Failure to provide written notice voids the purported reduction. *Id.* Adding a household exclusion to a policy is a substantial reduction in coverage. *See Midway Nat. Bank of St. Paul v. Bollmeier,* 474 N.W.2d 335, 340 (Minn.1991).

North Star asserts that the added household exclusion did not reduce coverage because prior to the policy change parental immunity barred children's claims against their parents. This is partially true. Parents were immune from negligence suits by their children until the supreme court substantially abrogated this doctrine in 1968. *See Silesky v. Kelman*, 281 Minn. 431, 442, 161 N.W.2d 631, 638 (1968). In 1980 the doctrine was completely abrogated. *Anderson v. Stream*, 295 N.W.2d 595, 601 (Minn.1980). North Star did not insert the household exclusion in Sabrowsky's policy until 1982. Thus, Sabrowsky's original policy, from 1979 to 1982, provided coverage from suit by his children. When North Star inserted the household exclusion in 1982, it substantially reduced the policy's scope of coverage.

■ North Star alternatively asserts that *Canadian Universal* does not apply because Sabrowsky's 1984 superstar policy was a new policy which cancelled the 1982 policy. A renewal is equivalent to a cancellation because each process creates a new and independent contract. *Hauer v. Integrity Mutual Ins. Co.*, 352 N.W.2d 406, 408 (Minn.1984); *see also Nelson v. American Reliable Ins. Co.*, 286 Minn. 21, 27, 174 N.W.2d 126, 130 (1970) (issuance of new policy cancels old one). *Canadian Universal's* notification requirement applies when an insurer by renewal, modification, or endorsement substantially changes the insured's prior coverage. *Canadian Universal*, 258 N.W.2d at 575; *Midway Nat. Bank*, 474 N.W.2d at 340. Sabrowsky's 1984 policy number was identical to the 1982 policy number, and the 1984 policy continued the liability coverage provided in the 1982 policy. We see no significant legal distinction between the cancellation of the 1982 policy and the creation of the 1984 policy which would bar application of *Canadian Universal*.

## II

■ When a policy provision is void under *Canadian Universal*, the insured's "coverage shall then be determined in accordance with the terms of the original policy prior to the renewal or endorsement." *Canadian Universal*, 258 N.W.2d at 575. The guardian ad litem argues that the district court erred in reverting to the 1979 policy to determine the amount of coverage because the other terms of the renewed policy are independent of the void provision.

The holding in *Canadian Universal* was explained by reference to contracts of adhesion. Later supreme court analysis suggests that *Canadian Universal* was based on the reasonable expectations of the insured. *See Atwater Creamery Co. v. Western Nat. Mut. Ins. Co.*, 366 N.W.2d 271, 278 (Minn.1985). Under the reasonable expectations doctrine, an insured would reasonably expect each renewal or subsequent policy to be on the same terms as the original unless the insured had notice of any change in coverage. *See* 18 Mark S. Rhodes, *Couch on Insurance*, § 68:61 (2d ed. rev. ed. 1983).

Applying the principles of either the adhesion contract theory or the reasonable expectations theory, a mutually agreed change in a separate provision would not be nullified when the unilaterally changed provision was declared void. *See id.* § 68:64 (insured not bound by new provision when no agreement on its inclusion). We read the language in *Canadian Universal* that directs coverage to be determined in accordance with the original policy as applying to the specific facts of that case. We do not read the holding as restricting the effect of mutually agreed changes. Because the increase in limits in Sabrowsky's policy was mutually agreed but the addition of the household exclusion was not, the household exclusion is void and the coverage limit is $300,000.

## DECISION

We affirm the district court's holding that the household exclusion constituted a substantial, unadvised reduction in coverage void under *Canadian Universal* and further hold that the mutually agreed increase in the amount of coverage remains effective.

**Affirmed as modified.**