Gerald SULLIVAN, Appellant,

v.

SPOT WELD, INC., Respondent.

No. C5–96–1725.

Court of Appeals of Minnesota.

March 5, 1997.

Review Denied April 24, 1997.

Stephen W. Cooper, Kathryn J. Cima, The Cooper Law Firm, Chtd., Minneapolis, for Appellant.

Michael D. Quayle, Ned E. Ostenso, Merrigan, Quayle, Brandt & Ostenso, P.L.L.P., Hopkins, for Respondent.

Considered and decided by WILLIS, P.J., and PETERSON and DANIEL F. FOLEY, JJ.*

## OPINION

WILLIS, Judge.

Appellant Gerald Sullivan challenges a district court order granting summary judgment in favor of respondent Spot Weld, Inc., and a subsequent district court order denying Sullivan's "Motion to Reconsider." Sullivan alleges that the district court erred in concluding that his February 18, 1994 service was not effective, arguing that Spot Weld waived its right to plead lack of personal jurisdiction and that he provided the Minnesota Department of Human Rights (MDHR) timely notice of his intent to bring this action. In addition, Sullivan claims that he raised genuine issues of fact that preclude summary judgment on his common law negligent supervision claim. Finally, Spot Weld moves to strike all references to materials submitted with Sullivan's motion to reconsider summary judgment. We affirm and grant Spot Weld's motion.

## FACTS

Spot Weld hired Sullivan in May 1989 and terminated him by letter on September 5, 1990, for insubordination and excessive tardiness. Sullivan applied for reemployment insurance on September 6, 1990. A representative of the Commissioner of Economic Security concluded that Sullivan was not entitled to benefits because he was terminated for insubordination. This court affirmed that determination. *Sullivan v. Spot Weld, Inc.*, No. C7–92–1572 (Minn.App. Dec. 31, 1992) (Order op.).

On August 23, 1991, Sullivan filed a discrimination claim with the MDHR. Sullivan alleges that he was subjected to a hostile working environment at Spot Weld because co-workers and managers routinely insulted him with racial epithets and his employer did nothing to correct the problem. Sullivan also alleges that he was a skilled laborer, but often was required to perform either dangerous or menial tasks. By letter dated June 19, 1992, the MDHR found probable cause to credit Sullivan's allegation that Spot Weld engaged in an unfair discriminatory practice in violation of Minn.Stat. § 363.03, subd. 1 (1996), of the Minnesota Human Rights Act (MHRA). The MDHR referred the matter to the attorney general's office. In a letter dated February 2, 1994, the attorney general's office informed Sullivan that the state was suspending work on his case and asked him whether he had decided to pursue a private civil action.

On or about February 18, 1994, Sullivan served a summons and complaint on Spot Weld by serving an employee at Spot Weld's place of business. Spot Weld answered the complaint, and on May 10, 1994, Sullivan provided the MDHR with a copy of the complaint.

Sullivan served the summons and complaint again on October 27, 1994.[1] On February 27, 1996, Spot Weld filed a motion for summary judgment, arguing that the October 1994 service was untimely under Minn. Stat. § 363.14, subd. 1(a)(3).

In May 1996, the district court granted summary judgment in favor of Spot Weld, finding that Sullivan's discrimination claim was not brought within the limitations period provided under the MHRA. The district court found that Sullivan's attempt to commence his suit on February 18, 1994, was ineffective because Sullivan had not given the MDHR advance notice of his intention to commence a civil action, as required by sec-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. In his brief, Sullivan alleges that he served the complaint in October 1994 because Spot Weld's chief executive officer stated during his deposition that the employee who accepted service in February 1994 was not authorized to do so.

tion 363.14. The district court stated that even if the copy of the complaint provided to the MDHR on May 10, 1994, constituted notice, the action was still time-barred because the service of the action on October 27, 1994, occurred more than 90 days after such notice, in violation of section 363.14. Finally, the district court ruled that Minn.Stat. § 363.11, the MHRA's exclusivity provision, prevented Sullivan from asserting a negligent supervision claim independent of the MHRA.

Sullivan filed a "Motion to Reconsider," purportedly based on Minn.R.Civ.P. 56, the rule regarding summary judgment, and Minn.Stat. § 549.20, the provision regarding punitive damages. The motion was accompanied by counsel's affidavit stating that he had given the MDHR telephone notice of his intention to pursue a private civil action "prior to" February 18, 1994. In his "Reply Memorandum in Support of Motion for Reconsideration," Sullivan alleged that the motion was authorized under Minn.R.Civ.P. 60.02.

The district court denied Sullivan's motion, noting that "[i]t is unclear from [Sullivan's] motion precisely what rule he is relying on to support his motion" and that "[r]ule 60.02 does not provide for motions for reconsideration." The district court ruled that counsel's affidavit was not part of the record because it was submitted to the court for the first time with the motion to reconsider.

## ISSUES

1. Did the district court err in denying Sullivan's motion for reconsideration?

2. Did the district court abuse its discretion by granting Spot Weld's motion for summary judgment because of Sullivan's failure to comply with the notice provision of Minn. Stat. § 363.14?

3. Did the district court err in dismissing Sullivan's negligent supervision claim?

## ANALYSIS

 Questions of civil procedure are issues of law, which an appellate court reviews de novo. *See Wilkie v. Allied Van Lines,*

*Inc.,* 398 N.W.2d 607, 610 (Minn.App.1986). Summary judgment will be granted

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. On appeal from summary judgment, we ask whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

1. *Motion to Strike Evidence Submitted with Motion to Reconsider.*

The district court denied Sullivan's motion to reconsider summary judgment, whereby Sullivan argued that the district court erred in its conclusions of law and that not all facts pertinent to this case were developed at the summary judgment hearing. Spot Weld moves this court to strike all evidence submitted with Sullivan's "Motion to Reconsider" and all references to said evidence, arguing that those materials are outside the record on appeal. We agree.

 "The rules of civil procedure do not authorize a motion for 'reconsideration.'" *Carter v. Anderson,* 554 N.W.2d 110, 113 (Minn.App.1996), *review denied* (Minn. Dec. 23, 1996). Sullivan cites Minn.R.Civ.P. 60.02 for the proposition that a party may bring a motion to reconsider when a manifest error of law has occurred. Rule 60.02 authorizes a court to grant relief from a final judgment based on:

(a) Mistake, inadvertence, surprise, or excusable neglect;

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial pursuant to Rule 59.03;

(c) Fraud * * *, misrepresentation, or other misconduct of an adverse party;

(d) The judgment is void;

(e) The judgment has been satisfied * * *; or

(f) Any other reason justifying relief from the operation of the judgment.

"Rule 60.02 is limited to the specific situations provided for in the rule itself and does not allow for general correction of judicial error." *Carter*, 554 N.W.2d at 113.

Even if we accept for purposes of our analysis that Sullivan's motion to reconsider can be recast as a motion to vacate the judgment, counsel's affidavit is still inadmissible. Rule 60.02 does not provide for the introduction of evidence that was known to exist before judgment was entered. *See* Minn.R.Civ.P. 60.02(b). Information in counsel's affidavit was known at the time of the summary judgment motion and thus should have been produced, if at all, at that time. The district court record cannot be supplemented by new evidence after the court grants summary judgment. *Midway Nat'l Bank of St. Paul v. Bollmeier*, 462 N.W.2d 401, 404–05 (Minn.App.1990) (concluding that district court correctly refused to consider materials submitted in motion to reconsider that were not presented to district court on motion for summary judgment), *aff'd*, 474 N.W.2d 335 (Minn.1991).

Sullivan's motion raised no claim under rule 60.02, but rather was simply an attempt to reargue the issues that were decided by summary judgment. We therefore grant Spot Weld's motion to strike the affidavit.

### 2. *Summary Judgment.*

Sullivan claims that because Spot Weld waived its right to challenge personal jurisdiction, the district court erred in finding that the February 18, 1994 service was ineffective. On summary judgment, however, the district court found the February 1994 service ineffective because of Sullivan's failure to meet the requirements of Minn.Stat. § 363.14, subd. 1(a)(3) (1996), rather than for lack of personal jurisdiction. The district court recognized that Spot Weld waived any defense based on lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process by not pleading them, but that Spot Weld did plead a statute of limitations defense. *See* Minn.R.Civ.P. 12.08(a) (providing that defenses of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process are waived if not made by motion or not included in responsive pleading).

Sullivan also argues that the district court erred in granting Spot Weld's motion for summary judgment on the ground that he failed to satisfy Minn.Stat. § 363.14, subd. 1(a)(3). That statute provides that a person may bring a civil action

> after 45 days from the filing of a charge pursuant to section 363.06, subdivision 1, if a hearing has not been held pursuant to section 363.071 or if the commissioner has not entered into a conciliation agreement to which the charging party is a signator. The charging party *shall notify the commissioner of an intention to bring a civil action, which shall be commenced within 90 days of giving the notice.*

Minn.Stat. § 363.14, subd. 1(a)(3) (1996) (emphasis added). Section 363.14 is to be liberally construed to accomplish the purposes of the MHRA. *See* Minn.Stat. § 363.11 (1996).

Sullivan contends the district court erred in addressing the issue of notice because respondent did not raise it. We hold that it was not error for the district court to address the issue of notice because subject matter jurisdiction cannot be waived and may be raised by a court at any time. *See In re Condemnation by Hous. & Redev. Auth. v. Suh*, 553 N.W.2d 115, 117 (Minn.App.1996) (concluding district court properly determined that it lacked subject matter jurisdiction to consider appeal from administrative award where statutory notice requirements were not met), *review denied* (Minn. Nov. 20, 1996).

Sullivan argues that he properly notified the MDHR by phone of his intention to bring this action prior to serving the complaint on Spot Weld on February 18, 1994. The evidence of Sullivan's alleged oral notice, however, is not in the record. Further, even if we were to conclude that the copy of the complaint Sullivan provided to the MDHR on May 10, 1994, was notice within the meaning of section 363.14, Sullivan failed to satisfy the statute's requirement that he commence his action within 90 days thereafter.

### 3. *Negligent Supervision.*

 The district court concluded that because the MHRA provides the only basis for Sullivan's claim that Spot Weld owed a duty to him, a separate common law negligence claim could not be maintained. We agree.

The MHRA provides that it is an unfair employment practice

> [f]or an employer, because of race, color, creed, religion, national origin, sex, marital status, * * * to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment.

Minn.Stat. § 363.03, subd. 1(2)(c) (1996). However, the MHRA further provides that "as to acts declared unfair by section 363.03, the procedure herein provided shall, while pending, be exclusive." Minn.Stat. § 363.11 (1996). The Minnesota Supreme Court has explained the exclusivity provision:

> Certainly, the legislature could not have contemplated that employees seeking redress for allegedly discriminatory employment action could simultaneously maintain an action relating to the same allegedly discriminatory practice and predicated on identical factual statements and alleging the same injury or damages. The language of the Act does not support such an interpretation and we decline to judicially fashion such relief.

*Williams v. St. Paul Ramsey Medical Ctr., Inc.*, 551 N.W.2d 483, 485 (Minn.1996).

Sullivan's negligent supervision claim alleges discriminatory practices, injuries, and damages identical with those in his MHRA claim. Furthermore, Sullivan cites no authority for the proposition that his common law negligent supervision claim against his employer has a basis independent of the MHRA. The district court did not err in dismissing Sullivan's common law negligent supervision claim.

### DECISION

Sullivan's motion for reconsideration was not properly before the district court, and evidence submitted with that motion is not part of the court record. Because the notice requirements of Minn.Stat. § 363.14, subd. 1(a)(3), were not met, Sullivan's claim against Spot Weld based on the MHRA was untimely and fails for lack of jurisdiction. Sullivan's common law negligent supervision claim is barred by the exclusivity provision of Minn. Stat. § 363.11.

**Affirmed.**